TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00662-CR







Samuel Brock Madely, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-94-292, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







PER CURIAM


 After the district court overruled appellant's motion to suppress evidence, he
pleaded guilty to possessing more than four ounces but less than five pounds of marihuana. 
Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.121, 1989 Tex. Gen. Laws
2230, 2939 (Tex. Health & Safety Code Ann. § 481.121, since amended). Pursuant to a plea
bargain agreement, the court assessed punishment at imprisonment for four years and a $750 fine,
suspended imposition of sentence, and placed appellant on community supervision. (1)

 By two points of error, appellant contends the district court erred by overruling the
motion to suppress. The evidence appellant sought to suppress was marihuana found during a
search of his residence near Wimberly. The search was conducted by Hays County sheriff's
deputies executing a warrant to search for methamphetamine and drug paraphernalia. In his two
points of error, appellant argues that the affidavit supporting the warrant contained information
that had been unlawfully obtained and did not in any case state facts giving probable cause to
believe that the property to be seized could be found in his residence.

 No search warrant may issue unless supported by an affidavit setting forth
substantial facts establishing probable cause for its issuance. Tex. Code Crim. Proc. Ann. art.
18.01(b) (West Supp. 1996). Probable cause exists when the facts submitted to the magistrate are
sufficient to justify a conclusion that the object of the search is probably on the premises at the
time the warrant is issued. Cassias v. State, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986). In
reviewing the sufficiency of a search warrant affidavit, we consider the totality of the
circumstances. Illinois v. Gates, 462 U.S. 212 (1983); Eisenhauer v. State, 754 S.W.2d 159, 164
(Tex. Crim. App. 1988). The magistrate is permitted to draw reasonable inferences from the
affidavit, which should be interpreted in a common sense and realistic manner. Lagrone v. State,
742 S.W.2d 659, 661 (Tex. Crim. App. 1987). At a suppression hearing, the trial court is both
trier of fact and arbiter of the legal significance of the facts. Dubose v. State, 915 S.W.2d 493,
496-97 (Tex. Crim. App. 1996). An appellate court limits its review of the trial court's rulings,
both factual and legal, to a determination of whether the court abused its discretion. Id.

 The affiant was Deputy T.L. Coker, a narcotics investigator with the Hays County
Drug Task Force. The crucial paragraph of the affidavit reads:



On Monday, November 29, 1993 at approximately 3:25 a.m., Deputy [Alvin]
Pittman responded to an EMS call to a residence located off Hays County Road
314 in the Wimberly area. Deputy Pittman arrived and stood by in the living room
of the residence while EMS personnel treated Sam Madeley Jr. for chest pains. 
Deputy Pittman, while standing in the living room was able to detect an odor of
methamphetamine.[ (2)] Deputy Pittman observed an unidentified white female who
emerged from a room connected to the kitchen. Deputy Pittman detected a strong
odor of methamphetamine about the female's person. Deputy Pittman advised that
both Madeley and the female appeared to be very nervous and paid a lot of
attention to Deputy Pittman and where Deputy Pittman was looking. Deputy
Pittman advised that most of the doors connected to the living room were closed
and he was unable to view any other area of the residence. Madeley was taken to
Central Texas Medical Center for treatment of the chest pains. Affiant knows that
upper respiratory problems are common among operators of clandestine
laboratories due to the breathing of chemicals used to manufacture illegal
substances.



 At the suppression hearing, Pittman testified that he was dispatched to appellant's
residence in response to the medical emergency report and arrived at about the same time as the
EMS technicians. Pittman explained that sheriff's deputies respond to all emergency medical calls
"in case there is a family disturbance or something" and function as "general back-up of the EMS
services." 

 In his first point of error, appellant contends Pittman's entry onto his property
constituted criminal trespass. See Tex. Penal Code Ann. § 30.05 (West 1994). Appellant argues
that because the search warrant affidavit was based largely on Pittman's observations inside the
residence, it and the resulting search were tainted by the initial unlawful entry. Wong Sun v.
United States, 371 U.S. 471, 488 (1963). Appellant relies on the opinion in Hobbs v. State, 824
S.W.2d 317 (Tex. App.--San Antonio 1992, pet. ref'd). Hobbs held that evidence obtained by
police officers by virtue of a criminal trespass was subject to suppression under the Texas
exclusionary rule. Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 1996). This Court has
stated that it will not follow Hobbs. Carroll v. State, 911 S.W.2d 210, 222 (Tex. App.--Austin
1995, no pet.).

 The primary purpose of the statutory exclusionary rule is to deter unlawful actions
which violate the rights of criminal suspects. Roy v. State, 608 S.W.2d 645, 651 (Tex. Crim.
App. 1980). While both the United States and Texas constitutions generally prohibit warrantless
entries and searches, an exception exists for emergency situations. Under this "emergency
doctrine," a warrantless entry or search is justified if it is immediately necessary to protect or
preserve life or to prevent serious injury. Mincey v. Arizona, 437 U.S. 385, 392 (1978); Bray
v. State, 597 S.W.2d 763, 764 (Tex. Crim. App. 1980). Article 38.23(a) does not require the
suppression of evidence seized following a warrantless entry if the emergency doctrine applies. 
Brimage v. State, 918 S.W.2d 466, 503 & n.7 (Tex. Crim. App. 1996). We therefore turn to
appellant's alternative argument under point one, that the affidavit did not state facts from which
it could be concluded that an emergency existed at the time Pittman entered his residence. (3)

 Appellant contends any emergency requiring Pittman's presence ended when the
emergency medical personnel arrived, citing Bray. In Bray, a police officer entered a residence
together with EMS technicians in response to a medical emergency call, but remained in the
residence after the medical technicians completed their work and left. The court concluded that
under the circumstances, the emergency had terminated, the officer's continued presence in the
residence could not be justified by the emergency doctrine, and evidence thereafter seized should
have been suppressed. Bray, 597 S.W.2d at 768. 

 The facts stated in the search warrant affidavit before us are clearly distinguishable
from those in Bray. Pittman noticed the odor of methamphetamine while the EMS technicians
were treating appellant. The issuing magistrate could infer that the medical emergency that
prompted the EMS call continued to exist while appellant's treatment at the scene was ongoing. 
Viewed objectively, the facts stated in the search warrant affidavit reasonably support the
conclusion that Pittman's presence in appellant's residence was justified by an apparent medical
emergency, and the district court did not abuse its discretion by so concluding. See Brimage, 918
S.W.2d at 501; Bray, 597 S.W.2d at 765 (objective standard of reasonableness used to determine
whether warrantless entry is justified under emergency doctrine). Point of error one is overruled.

 In point of error two, appellant contends the affidavit did not give the magistrate
probable cause to believe that methamphetamine was present in appellant's residence. Appellant
argues that, according to the affidavit, the odor of methamphetamine was associated with the
unidentified woman who was present in his house when Pittman arrived. He urges that the mere
presence of a narcotics user did not give probable cause to believe that his house contained
contraband. Cassias, 719 S.W.2d at 590.

 While the affidavit did state that there was a strong odor of methamphetamine about
the woman's person, the affidavit also stated that Pittman noticed the odor before the woman
entered the room, which suggests that the odor was not confined to her. Furthermore, the
magistrate could also consider the closed doors and the apparent nervousness of both appellant and
the woman. Finally, the early morning hour suggests that the woman was more than a casual
visitor in appellant's house. The district court's conclusion that the affidavit gave the magistrate
probable cause to believe that methamphetamine was present in appellant's house was not an abuse
of its discretion. Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: June 19, 1996

Do Not Publish
1. The judgment states that appellant's name is Samuel Brock Madely. Elsewhere in the
record and in the briefs of both parties appellant's name is consistently spelled "Madeley."
2. Elsewhere, the affiant explained that Pittman was professionally familiar with the odor
of methamphetamine.
3. Because article 38.23 does not apply in emergency doctrine situations, we need not
decide whether Pittman's entry onto appellant's property was a violation of section 30.05
under the circumstances. We note, however, that conduct is justified if the actor reasonably
believes it is authorized by law or is immediately necessary to avoid imminent harm. Tex.
Penal Code Ann. §§ 9.21, .22 (West 1994); see Rosalez v. State, 875 S.W.2d 705, 714-15 (Tex.
App.--Dallas 1993, pet. ref'd) (also declining to follow Hobbs).



7 U.S. 385, 392 (1978); Bray
v. State, 597 S.W.2d 763, 764 (Tex. Crim. App. 1980). Article 38.23(a) does not require the
suppression of evidence seized following a warrantless entry if the emergency doctrine applies. 
Brimage v. State, 918 S.W.2d 466, 503 & n.7 (Tex. Crim. App. 1996). We therefore turn to
appellant's alternative argument under point one, that the affidavit did not state facts from which
it could be concluded that an emergency existed at the time Pittman entered his residence. (3)

 Appellant contends any emergency requiring Pittman's presence ended when the
emergency medical personnel arrived, citing Bray. In Bray, a police officer entered a residence
together with EMS technicians in response to a medical emergency call, but remained in the
residence after the medical technicians completed their work and left. The court concluded that
under the circumstances, the emergency had terminated, the officer's continued presence in the
residence could not be justified by the emergency doctrine, and evidence thereafter seized should
have been suppressed. Bray, 597 S.W.2d at 768. 

 The facts stated in the search warrant affidavit before us are clearly distinguishable
from those in Bray. Pittman noticed the odor of methamphetamine while the EMS technicians
were treating appellant. The issuing magistrate could infer that the medical emergency that
prompted the EMS call continued to exist while appellant's treatment at the scene was ongoing. 
Viewed objectively, the facts stated in the search warrant affidavit reasonably support the
conclusion that Pittman's presence in appellant's residence was justified by an apparent medical
emergency, and the district court did not abuse its discretion by so concluding. See Brimage, 918
S.W.2d at 501; Bray, 597 S.W.2d at 76