**Jose Francisco LEAL, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1208–87.**

Court of Criminal Appeals of Texas,
En Banc.

May 10, 1989.

Rehearing Denied June 21, 1989.

Robert J. Salinas, Mercedes, Hector A. Casas, McAllen, for appellant.

Rene Guerra, Dist. Atty., and Laura M. Hubert, Asst. Dist. Atty., Edinburg, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

PER CURIAM.

Appellant was convicted of the offense of possession of marihuana in a quantity of more than 200 but less than 2,000 pounds. Punishment was assessed at 12 years in the Texas Department of Corrections. His conviction was affirmed by the Thirteenth Court of Appeals. *Leal v. State*, 736 S.W.2d 907 (Tex.App.—Corpus Christi 1987).

The pertinent facts are as set out by the court of appeals in its opinion, *id.*, at 908–09. That court rejected appellant's claim his pretrial motion to suppress evidence should have been granted, holding, *inter alia*, that under the "open fields" doctrine no violation of state or federal constitutions occurred when officers entered upon the ranch property, of which appellant was caretaker, without a warrant; and that his subsequent consent to search two trailers on the property was given voluntarily, and hence in keeping with both the Fourth Amendment to the United States Constitution and Article I, § 9 of the Texas Constitution. One justice dissented on the grounds, *inter alia*, that, the issue of constitutional violations aside, the officers' entry upon the property constituted criminal trespass under V.T.C.A. Penal Code, § 30.05, thus calling into play the exclusionary remedy of V.A.C.C.P., Article 38.-23; * and that under the totality of circumstances appellant's consent could not be found to have been voluntary.

Mindful of our recent opinions in, e.g., *Brick v. State*, 738 S.W.2d 676 (Tex.Cr. App.1987), *Reyes v. State*, 741 S.W.2d 414

---

* The dissenting opinion reasons the majority's conclusion that the officers' entry on the property was valid under the "open fields" doctrine only disposes of constitutional attacks; that the entry still amounted to trespass under § 30.05, supra, and that any "evidence obtained" thereby would have been "in violation of … provisions of the … laws of the State of Texas," and hence excludable under Article 38.23, supra. Taken to its extreme, such an argument might render inadmissible even evidence obtained under a lawful search warrant, if in executing that warrant officers also violated the letter of the criminal trespass statute. In view of our disposition of this petition, we need not address this thorny problem.

(Tex.Cr.App.1987), and *Juarez v. State*, 758 S.W.2d 772 (Tex.Cr.App.1988), we granted appellant's petition for discretionary review to consider remanding the cause to the court of appeals to determine 1) whether in fact the officers violated § 30.05, supra, and 2) if so, "voluntariness" *per se* of appellant's consent notwithstanding, whether the taint stemming from the unlawful entry was sufficiently attenuated under the test announced in *Brick v. State*, supra, at 680–81, that the consent could be deemed valid.

On closer review of the record we find that in his brief on direct appeal appellant did not challenge the legality of the officers' entry on the property under § 30.05, supra. Although he did invoke the exclusionary provision of Article 38.23, supra, he did so in context of arguing both entry on the property and subsequent consent were accomplished in violation of state and federal constitutions. The court of appeals was not invited to decide whether the officers' activities contravened a penal statute. Nor did the court of appeals decide to address that issue in the interest of justice, despite a dissenting opinion tacitly inviting it to do so. See *Carter v. State*, 656 S.W.2d 468 (Tex.Cr.App.1983). "[A]n appellant may not expect this Court to consider a ground for review that does not implicate a determination by the court of appeals of a point of error presented to that court in orderly and timely fashion. See *Degrate v. State*, 712 S.W.2d 755 (Tex.Cr.App.1986)." *Tallant v. State*, 742 S.W.2d 292 (Tex.Cr.App.1987).

All of this Court's concerns in this cause centered on the contention that the officers' conduct violated § 30.05, supra. Because that contention was not presented in the court of appeals, we now find our decision to grant appellant's petition for discretionary review was improvident. As always, our decision should not be construed as approval by this court of the language or rationale of the court of appeals in reaching its decision, or even of its holding on a given contention.

Appellant's petition for discretionary review is dismissed.