The STATE of Texas, Appellant,

v.

Thomas Otto HOBBS, Appellee.

No. 04–90–00677–CR.

Court of Appeals of Texas, San Antonio.

Feb. 5, 1992.

Rehearing Denied March 5, 1992.

Ronald L. Sutton, Dist. Atty., Junction, for appellant.

Charles D. Butts, San Antonio, for appellee.

Before PEEPLES, CARR and GARCIA, JJ.

## OPINION

CARR, Justice.

■ This appeal is by the State from an order granting a motion to suppress evidence.[1] The appeal presents us with an issue of first impression: whether evidence obtained by the State in violation of the criminal trespass law, section 30.05 of the Texas Penal Code, is admissible in evidence against the accused at the time of trial.[2] We answer in the negative and affirm the trial court's granting of the motion to suppress.

The facts of the case are undisputed. Officer B.L. Hierholzer received a tip that appellee, Thomas Otto Hobbs, was growing marijuana on his ranch in Kimble County, Texas. Subsequently, Officer Hierholzer and two other officers drove out to the Hobbs' ranch, which is surrounded by a livestock fence. Each gate to the ranch, moreover, has a "No Trespassing" sign. The officers crossed a fence onto Hobbs' ranch and travelled on foot about ¼ mile, looking for marijuana. The officers found some concealed in such a manner that it could not have been seen from adjacent property or from the air.

The next morning the officers returned to the ranch and took up surveillance on the marijuana plot. According to Officer Hierholzer, they were "trying to get enough information for a search and arrest warrant." As a result of the observations made during the two visits onto the Hobbs' ranch, a warrant was issued and executed. This warrant authorized the search of the Hobbs' residence and vehicles. During this search, the officers seized 41 marijuana plants with a dried weight of 330 grams from the pasture, and 100 grams of marijuana, seeds, and stems from inside the house. Other than the authority of the warrant, the officers had no permission or other authority to enter the ranch. It is undisputed, moreover, that there were no exigent circumstances necessitating a warrantless search.

Hobbs was later indicted for possession of marijuana in an amount of more than four ounces but not more than five pounds. He filed a motion to suppress evidence, citing both constitutional grounds and article 38.23 of the Texas Code of Criminal Procedure, which provides in relevant part:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

TEX.CODE CRIM.PROC.ANN. art. 38.-23(a) (Vernon Supp.1992). Following a

---

**1.** The State has perfected this appeal pursuant to article 44.01(a)(5) of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC. ANN. art. 44.01(a)(5) (Vernon Supp.1992).

**2.** Section 30.05 of the Texas Penal Code provides in relevant part:
(a) A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:
(1) had notice that the entry was forbidden....
(b) For purposes of this section:
(1) "Entry" means the intrusion of the entire body.
(2) "Notice" means:
(A) oral or written communication by the owner or someone with apparent authority to act for the owner;

(B) fencing or other enclosure obviously designed to exclude intruders or to contain livestock; or
(C) a sign or signs posted on the property or at the entrance to the building, reasonably likely to come to the attention of intruders, indicating that entrance is forbidden.

\* \* \* \* \* \*

(c) It is a defense to prosecution under this section that the actor at the time of the offense was a fire fighter or emergency medical services personnel, as that term is defined by Section 773.003, Health and Safety Code, acting in the lawful discharge of an official duty under exigent circumstances.

\* \* \* \* \* \*

TEX.PENAL CODE ANN. § 30.05 (Vernon 1989 and Supp.1992).

hearing on the motion to suppress, the trial court entered an order suppressing the evidence.

 In a sole point of error, the State contends that the trial court erred in granting Hobbs' motion to suppress. The State concedes that the search warrant was issued based on information obtained as a result of the two trespasses in violation of section 30.05 of the Penal Code. The State first argues, however, that the trespass laws do not apply to law enforcement officials acting in their official capacities. The State cites no authority to support its argument, and after diligent research we likewise find none. In any case, if the legislature had intended that law enforcement officials be excused from the application of this law, it would have provided for such an exception. *See* TEX.PENAL CODE ANN. § 30.05(c) (Vernon Supp.1992) (it is a defense that at time of trespass, actor was a *fire fighter* or *emergency medical services personnel* acting in lawful discharge of an official duty under exigent circumstances). We therefore reject the State's argument.

Secondly, the State argues that evidence obtained by the State as a result of a trespass is not subject to suppression based on a federal constitutional challenge. As authority, the State relies on *Hurwitz v. State,* 673 S.W.2d 347 (Tex.App.—Austin 1984), *aff'd,* 700 S.W.2d 919 (Tex.Crim.App. 1985) (en banc), *cert. denied,* 474 U.S. 1102, 106 S.Ct. 884, 88 L.Ed.2d 919 (1986), and *Kann v. State,* 694 S.W.2d 156 (Tex.App.—Dallas 1985, pet. ref'd). We find that *Hurwitz* and *Kann* are not applicable because the motion to suppress in this case, unlike that of those cases, was not granted on federal constitutional grounds. In the case before us, the evidence was suppressed based on the Texas exclusionary rule, that is, article 38.23 of the Texas Code of Criminal Procedure. The general rule is that state law, not federal law, governs the legality of arrests and searches so long as that law does not violate federal constitutional protections. *Milton v. State,* 549 S.W.2d 190, 192 (Tex.Crim.App.1977); *Leal v. State,* 736 S.W.2d 907, 913 (Tex.App.—Corpus Christi 1987), *pet. dism'd,* 773 S.W.2d 296 (Tex.Crim.App.1989) (en banc)

(citing *Ker v. California,* 374 U.S. 23, 31, 83 S.Ct. 1623, 1628, 10 L.Ed.2d 726 (1963)). Moreover, in *Polk v. State,* 738 S.W.2d 274, 276 (Tex.Crim.App.1987) (en banc), the Texas Court of Criminal Appeals held that the terms of article 38.23 are *mandatory.* The court further held that

> [v]iolation of a State statute or constitutional provision in obtaining evidence *requires suppression of that evidence under Art. 38.23 ...; a judge has no discretion in ruling on the exclusion of that evidence.*

738 S.W.2d at 276 (emphasis added).

We hold that the evidence obtained by the State as the result of a criminal trespass in violation of section 30.05 of the Penal Code is inadmissible and subject to suppression under article 38.23 of the Code of Criminal Procedure. Accordingly, in the case before us, we deny the State's sole point of error.

The judgment of the trial court is affirmed.