lee 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-316-CR





CHARLES BRENT LEE,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 



 




FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT



NO. 6200, HONORABLE JOE CARROLL, JUDGE PRESIDING



 





 Charles Brent Lee, appellant, was convicted by a jury of the offense of
manufacturing a controlled substance (amphetamine) in an amount less than 28 grams. See Tex.
Health & Safety Code Ann. § 481.113(b) (West 1992). The trial court assessed punishment at
confinement in the Texas Department of Criminal Justice Institutional Division for thirteen years. 
In two points of error, appellant asserts that (1) the trial court erred in failing to grant appellant's
motion to suppress, and (2) there is legally insufficient evidence to support the conviction. We
will affirm.


FACTUAL AND PROCEDURAL BACKGROUND


 In June 1992, Sunshine and Larry Capps bought property in Lampasas County
known as "the old Lee place," which was near property owned by Sunshine's father, George
Williamson. The old Lee place had been owned by appellant's grandmother, but was sold to the
Cappses after her death. Appellant and his brother, James Lee, occasionally stayed at the old Lee
place before its sale. Appellant and a friend, Beverly Baumann, rented nearby property known
as "the Geeslin place" and occasionally stayed there as well.

 After the Cappses purchased the old Lee place, they discovered that a bathtub and
a butane tank were missing from the property and noticed a strong "sweet" odor. George
Williamson contacted the Lampasas County Constable's office and Sheriff's Department to report
the missing items. Williamson testified that he had seen the butane tank at the Geeslin place. 
When the Constable and Sheriff's Department personnel met Williamson at the old Lee place, they
noticed an odor in the bathroom that they associated with the manufacture of amphetamine. They
also found other evidence of the manufacture of amphetamine, including empty chemical bottles,
a broken heating mantle, a broken suction pump, wrapping for glassware, butcher paper, rubber
hoses, Red Devil Lye, and a sack containing phenylacetic acid.

 Lampasas County Deputy Sheriff Raymond Burr went to the Geeslin place, where
he saw a butane tank and bathtub matching Williamson's description. Burr obtained a search
warrant for the Geeslin place. Pursuant to that warrant, law enforcement officers recovered from
a rock shed items that could be used to manufacture amphetamine, including a refrigerator
containing ether, rubber gloves, heating mantles, scales, and glassware and chemicals commonly
used in manufacturing amphetamine. These items were mostly in boxes in a portion of the shed
which had been "boarded up" from the inside. Appellant's fingerprints were found on three of
the glassware items. Traces of phenylacetone and amphetamine also were found on some of the
glassware.


DISCUSSION


 In his first point of error, appellant asserts that the trial court erred in overruling
his motion to suppress the evidence obtained by the search warrant for the Geeslin place. Under
this point of error, appellant asserts that Deputy Burr (1) knowingly made false statements in his
affidavit supporting the search warrant; and (2) obtained his knowledge of some of the facts stated
in his affidavit through a trespass on the Geeslin place.

 When a pretrial motion to suppress evidence is overruled, the defendant need not
subsequently object to the admission of the same evidence at trial in order to preserve error. 
Gearing v. State, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985). However, if the defendant
affirmatively asserts during trial that he has "no objection" to the admission of the complained-of
evidence, he waives any error in the admission of the evidence despite the pretrial ruling. Dean
v. State, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988); Gearing, 685 S.W.2d at 329-30; Harris
v. State, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983); McGrew v. State, 523 S.W.2d 679, 680-81 (Tex. Crim. App. 1975). Our examination of the record reveals that appellant affirmatively
asserted that he had "no objection" to the admission of the evidence obtained from the search of
the Geeslin place, except as to the State's exhibits 42, 47, 48, 49, 50, 51, 52, 54, 57, 73, 75, 76,
and 78. Accordingly, we hold that appellant has waived any error except as to the above listed
exhibits. We will address appellant's point of error only with respect to those exhibits.

 Where the state produces a warrant that is valid on its face in a hearing on a motion
to suppress evidence, the burden of proof shifts to the defendant to establish the invalidity of the
warrant by a preponderance of the evidence. Russell v. State, 717 S.W.2d 7, 9-10 (Tex. Crim.
App. 1986); Edwards v. State, 850 S.W.2d 731, 734 (Tex. App.El Paso 1993, no pet.). The
trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); State v. Carr, 774 S.W.2d 379,
380 (Tex. App.Austin 1989, no pet.). The trial court may accept or reject any or all of the
witnesses' testimony. Johnson v. State, 803 S.W.2d 272, 287 (Tex. Crim. App. 1990), cert.
denied, 111 S. Ct. 2914 (1991). We will disturb the trial court's ruling only on a showing of a
clear abuse of discretion. Davis v. State, 829 S.W.2d 218, 220 (Tex. Crim. App. 1992); Freeman
v. State, 723 S.W.2d 727, 733 (Tex. Crim. App. 1986).

 Appellant complains that Deputy Burr made false statements in his affidavit about
appellant's knowledge of the sale of the old Lee place and his participation in moving items off
the property. To support this complaint, appellant points to conflicting statements in the
investigative report and George Williamson's testimony at trial. The report and Williamson's
testimony are to the effect that Williamson told Deputy Burr that he told one of the Lee boys about
the move and later saw one of the Lee boys and others removing property. Deputy Burr testified
at the hearing on the motion to suppress that Williamson told him that he had spoken to both Lee
boys and had seen both Lee boys participating in the move. Deputy Burr stated that he could have
made a mistake in his investigative report, but that he clearly remembered Williamson referring
to both Lee boys. Deputy Burr also stated that he had spoken to Williamson several times, and
the investigative report reflected one of those conversations. Williamson was not called as a
witness at the hearing on the motion to suppress.

 When a police officer makes statements in a search warrant affidavit that are
intentionally false or made with a reckless disregard for the truth, the statements must be excised
from the affidavit before determining whether the affidavit affords probable cause for the issuance
of the warrant. Franks v. Delaware, 438 U.S. 154 (1978); Hass v. State, 790 S.W.2d 609, 611
(Tex. Crim. App. 1990); Dancy v. State, 728 S.W.2d 772, 780 (Tex. Crim. App.), cert. denied,
484 U.S. 975 (1987). A misstatement in an affidavit that is merely the result of simple negligence
or inadvertence, as opposed to reckless disregard for the truth, will not render invalid the warrant
based on it. Franks, 438 U.S. at 171; Dancy, 728 S.W.2d at 783.

 Although there appears to be an inconsistency between Deputy Burr's affidavit and
his investigative reports and Williamson's later testimony at trial, appellant did not establish that
the inconsistency was an intentional falsehood or resulted from a reckless disregard for the truth. 
The trial court could have believed Deputy Burr's testimony that Williamson told him that he had
spoken with both Lee boys about the sale of the old Lee place, and had seen both Lee boys
moving items off of the property.

 Appellant also asserts that the motion to suppress should have been granted,
apparently pursuant to article 38.23 of the Code of Criminal Procedure, because Deputy Burr
obtained his knowledge that the bathtub was on the Geeslin place through a trespass. (1) See State
v. Hobbs, 824 S.W.2d 317, 319 (Tex. App.San Antonio 1992, pet. ref'd); Tex. Penal Code
Ann. § 30.05 (West 1989 & Supp. 1994). Deputy Burr testified that he went to the Geeslin place
to talk with appellant regarding the missing bathtub and butane tank. To get to the house that
appellant rented, Deputy Burr crawled over a livestock fence which was marked with a "no
trespassing" sign. From this portion of the property, Deputy Burr could see the bathtub. Janie
Geeslin, the owner of the Geeslin place, used this portion of the property for grazing her cows. 
Deputy Burr then proceeded to another fence which surrounded the house, passed through a gate,
walked directly to appellant's door and knocked. When no one answered, Deputy Burr left the
same way that he entered, without deviating to search.

 The elements of criminal trespass are: (1) a person, (2) without effective consent,
(3) enters or remains on the property or any building of another, (4) knowingly or intentionally
or recklessly, (5) when he had notice that entry was forbidden. Langston v. State, 855 S.W.2d
718, 721 (Tex. Crim. App. 1993); see Penal Code § 30.05. The record is silent as to whether
Janie Geeslin gave Deputy Burr permission to enter the portion of her property on which her cows
were grazing. It was from this area that Burr observed the bathtub. Because appellant had the
burden of proof to show that the warrant was invalid, he had the burden to establish that Burr had
committed a criminal trespass. Since the record is silent as to an essential element of criminal
trespass, we cannot say the trial court abused its discretion. (2) We overrule appellant's first point
of error.

 In his second point of error, appellant challenges the legal sufficiency of the
evidence to support his conviction. The critical inquiry on review of the legal sufficiency of the
evidence to support a criminal conviction is whether the record evidence could reasonably support
a finding of guilt beyond a reasonable doubt. This Court does not ask whether it believes that the
evidence at trial established guilt beyond a reasonable doubt. Instead, the relevant question is
whether, after viewing the evidence in the light most favorable to the prosecution, any rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). The standard of review is the same for direct
and circumstantial evidence cases. Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991).

 The testimony at trial supported the theory that an amphetamine lab had been
recently operated at the old Lee place, probably between March and June 1992. (3) Police found
discarded equipment, packaging material, and empty chemical bottles at the old Lee place. Police
also found a sack containing a small amount of phenylacetic acid. Appellant had access to the old
Lee place during this time. A bathtub and butane tank that had been at the old Lee place were
found on the Geeslin place, which appellant was renting. Inside a shed on the Geeslin place, law
enforcement officers found equipment and chemicals sufficient to operate an amphetamine lab. 
Certain items of the lab equipment, such as rubber hoses and wrapping material, were very similar
to discarded lab equipment at the old Lee place. Some of the glassware found at the Geeslin place
contained traces of phenylacetone and amphetamine. Also, appellant's fingerprints were found
on some of the glassware. (4) After viewing this evidence in the light most favorable to the
prosecution, we hold that a rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. We overrule appellant's second point of error.



CONCLUSION


 We overrule appellant's points of error and affirm the conviction.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: August 31, 1994

Do Not Publish
1. Deputy Burr testified that the butane tank was visible from the road.
2. Because appellant cites only Hobbs, 824 S.W.2d 317, we do not believe that appellant
intended to raise any constitutional claims in his brief. See Muniz v. State, 851 S.W.2d 238,
251 (Tex. Crim. App.), cert. denied, 114 S.Ct. 116 (1993); Johnson v. State, 853 S.W.2d
527, 533 (Tex. Crim. App. 1992), cert. denied, 114 S.Ct. 154 (1993). However, we note
that, under the open fields doctrine, appellant had no reasonable expectation of privacy in the
area in which Janie Geeslin grazed her cows. See United States v. Dunn, 480 U.S. 294
(1987); Oliver v. United States, 466 U.S. 170 (1984); Leal v. State, 736 S.W.2d 907, 909-10
(Tex. App.Corpus Christi 1987), pet. dism'd, 773 S.W.2d 296 (Tex. Crim. App. 1989);
Hurwitz v. State, 673 S.W.2d 347, 349-50 (Tex. App.Austin 1984), aff'd, 700 S.W.2d 919
(Tex. Crim. App. 1985), cert. denied, 474 U.S. 1102 (1986).
3. Sunshine Capps testified that she examined the old Lee place in March when she
was negotiating to buy it. She described the house's odor in March as being "kind of a
nasty smell," similar to an "old house smell." Capps testified that in June, after she had
purchased the old Lee place, the odor in the house was stronger and was a "sickly kind of
a sweet smell."
4. Although appellant asserts that his fingerprints were not on any items of glassware
containing traces of amphetamine or its chemical precursors, we are unable to
substantiate this claim. The record is unclear as to which items of glassware contained
appellant's fingerprints and which had traces of amphetamine or chemicals. We note
that appellant has the burden to bring forth a record sufficient to show reversible error. 
Tex. R. App. P. 50(d).