Bradley Spencer RUE, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–95–1463–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 11, 1997.

Mary F. Masterson, Houston, for appellant.

S. Elaine Roch, Houston, for appellee.

Before LEE, AMIDEI and ANDERSON, JJ.

## OPINION

AMIDEI, Justice.

Appellant entered a plea of guilty pursuant to a plea agreement to the offense of possession of cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon Supp.1997). The trial court found him guilty and assessed punishment at two years confinement in a state jail facility, suspended by community service for five years, and a $500 fine. In his sole point of error, appellant contends the trial court abused its discretion in overruling his motion to suppress evidence of a crack pipe and cocaine residue because the crack pipe and cocaine residue were discovered and seized in a search incident to an illegal arrest. We affirm.

At a hearing on a motion to suppress evidence, the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses and the weight given their testimony. *Green v. State*, 934 S.W.2d 92, 98 (Tex.Crim.App.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1561, 137 L.Ed.2d 707 (1997). Therefore, an appellate court must view the record and draw all reasonable inferences therefrom in the light most favorable to the trial court's ruling. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996). Furthermore, the appellate court must sustain the trial court's ruling if it is

reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.*

At the suppression hearing, Harris County Deputy Sheriff Johnson testified he and his partner observed appellant sitting on the steps of an dilapidated and neglected apartment complex in an area known for drug transactions about five o'clock in the morning. From its appearance, Johnson thought the apartment complex was abandoned and condemned and that trespassers were not welcome. The apartment complex had no lights, electricity or operative plumbing. Windows and doors of several units were boarded. No cars were parked in the complex parking lot and a no trespassing sign was posted on the unit nearest the street.

Johnson further testified he thought appellant was trespassing and sought to detain or arrest him. Johnson, in full uniform, identified himself and asked appellant to step toward him for questioning. Appellant took a few steps toward Johnson and then turned and ran into an apartment. Johnson pursued him through an open door and found appellant sprawled on the kitchen floor where Johnson observed appellant throw a glass crack pipe containing cocaine residue.

Appellant contends Johnson's attempt to detain him for questioning was illegal because Johnson lacked reasonable suspicion that appellant was committing criminal trespass. Because the detention was illegal, appellant argues, Johnson lacked probable cause to arrest him for evading a lawful detention. Furthermore, appellant maintains, no exigent circumstances existed to justify Johnson's entry into his residence. Because Johnson lacked probable cause and justification to pursue appellant into his residence, appellant asserts, his arrest was illegal. Consequently, appellant claims, Johnson obtained the crack pipe and cocaine residue as an incident to an illegal arrest; therefore, they are inadmissible under the Article 38.23 of the Texas Code of Criminal Procedure. The exclusionary rule of Article 38.23 provides that evidence obtained unlawfully by a police officer is inadmissible against the accused in a criminal trial.

TEX.CODE CRIM. PROC. ANN. art. 38.23 (Vernon Supp.1997).

A law enforcement officer is as free as anyone else to ask questions of their fellow citizens. *Johnson v. State*, 912 S.W.2d 227, 235 (Tex.Crim.App.1995). An officer may briefly stop a suspicious individual to determine his identity or to maintain the status quo momentarily while obtaining more information. *Gurrola v. State*, 877 S.W.2d 300, 302 (Tex.Crim.App.1994). Only when the questioning becomes a detention, however, brief, must it be supported by reasonable suspicion. *Holladay v. State*, 805 S.W.2d 464, 467 (Tex.Crim.App.1991). To justify an investigative stop, the officer must have specific and articulable facts from which he can reasonably surmise that the detained person may be associated with a crime. *Davis v. State*, 829 S.W.2d 218, 219 (Tex.Crim.App. 1992). In other words, the officer must reasonably suspect that (1) some activity out of the ordinary is occurring or has occurred; (2) the detained person is connected with the unusual activity; and (3) the activity is related to a crime. *Gurrola*, 877 S.W.2d at 302. Circumstances which raise a suspicion that illegal conduct is taking place need not themselves be criminal. *Reyes v. State*, 899 S.W.2d 319, 324 (Tex.App.—Houston [14th Dist.] 1995, pet. ref'd). They only need to include facts which render the likelihood of criminal conduct greater than it would be otherwise. *Id.* (citing *Crockett v. State*, 803 S.W.2d 308, 311 (Tex.Crim.App.1991)). Nevertheless, where an officer bases his suspicion on events as consistent with innocent activity as with criminal activity, the detention is unlawful and any evidence seized subsequent to such detention is inadmissible. *Gurrola*, 877 S.W.2d at 302.

The circumstances surrounding appellant's presence at the apartment complex support Deputy Johnson's assertion of reasonable suspicion that appellant was committing criminal trespass. A person commits criminal trespass if he enters or remains on property or in a building of another without effective consent and he had notice that the entry was forbidden or he received notice to depart but failed to do so. TEX. PENAL CODE ANN. § 30.05 (Vernon 1994). At the time

Johnson observed appellant, the appearance of the complex and the sign posted on the unit nearest the street suggested that the apartments were vacant, uninhabitable, and closed to the public. Consequently, appellant's early morning presence on grounds, where a sign warned against trespassing, warranted Johnson's belief that appellant was trespassing and that appellant was aware that he was trespassing. Appellant's flight when approached by Johnson also contributed to Johnson's belief that appellant was engaged in criminal conduct. *See Reyes,* 899 S.W.2d at 324 (stating flight from show of authority is a factor in support of finding reasonable suspicion of criminal activity).

◼ Appellant's flight from Deputy Johnson also provided justification for his arrest. In Texas, warrantless arrests are authorized only if probable cause exists with respect to the seized individual and the arrest falls within one of the exceptions set forth in Chapter Fourteen of the Texas Code of Criminal Procedure. *Stull v. State,* 772 S.W.2d 449, 451 (Tex.Crim.App.1989). The State bears the burden to prove a warrantless arrest is based on probable cause and that the arrest meets one of the statutory exceptions to the warrant requirement. *Amores v. State,* 816 S.W.2d 407, 413 (Tex. Crim.App.1991). Probable cause exists where the facts and circumstances within the officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that a particular person has committed or is committing an offense. *Torres v. State,* 868 S.W.2d 798, 801 (Tex.Crim.App.1993). To determine whether probable cause exists, we look to the objective facts known to the officer at the time of the arrest. *Amores,* 816 S.W.2d at 415.

◼ Here, Deputy Johnson had probable cause to believe that appellant was evading arrest or detention. A person evades arrest or detention if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or to detain him. TEX. PENAL CODE ANN. § 38.04(a) (Vernon Supp.1997). A peace officer may arrest an offender without a warrant for any offense committed in the officer's presence or within the officer's view. TEX.CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 1977). Because Johnson sought to lawfully detain appellant for questioning regarding criminal activity—trespass—and appellant evaded the lawful detention, appellant committed an offense in the presence of Deputy Johnson that justified appellant's arrest.

◼ A law enforcement officer, however, may not enter a residence to make a warrantless arrest unless the resident consents to his entry or exigent circumstances require the officer making the arrest to enter the residence. TEX.CODE CRIM. PROC. ANN. art. 14.05 (Vernon Supp.1997). An officer's hot pursuit of an offender seeking to avoid arrest is an exigent circumstance justifying nonconsensual entry into the offender's residence. *See Curry v. State,* 831 S.W.2d 485, 488 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd) (quoting *United States v. Santana,* 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976)). Here, appellant's attempt to evade a lawful detention, which required Johnson to pursue appellant into his apartment, was an exigent circumstance justifying Johnson's entry into appellant's residence.

◼ Appellant also claims that suppression of the evidence is mandatory because Deputy Johnson's warrantless entry onto the property constituted criminal trespass. Appellant maintains Johnson obtained the evidence illegally as a result of his criminal trespass; therefore, the evidence is inadmissible under Article 38.23. In support of his claim, appellant relies upon *State v. Hobbs,* 824 S.W.2d 317 (Tex.App.—San Antonio 1992, pet. ref'd) and *Kann v. State,* 694 S.W.2d 156, 160–61 (Tex.App.—Dallas 1985, pet. ref'd). Appellant's reliance on *Hobbs* and *Kann* is misplaced. Unlike the present case, *Hobbs* and *Kann* concern police officers who act upon a tip and make an unlawful entry on the suspect's property to secure enough evidence to obtain a search warrant. *See Hobbs,* 824 S.W.2d at 318 (surveillance of field); *Kann,* 694 S.W.2d at 158 (surveillance of curtilage). Unlike the officers in *Hobbs* and *Kann,* Johnson entered the property in

pursuit of one who had just committed a crime in his presence.

Section 30.05(c) of the criminal trespass statute provides a defense to prosecution for criminal trespass for firefighters and emergency medical personnel "acting in lawful discharge of an official duty under exigent circumstances." TEX. PENAL CODE ANN. § 30.05(c) (Vernon 1994). Article 30.05(c) provides no such protection for law enforcement officers. *See Rosalez v. State*, 875 S.W.2d 705, 716–17 (Tex.App.—Dallas 1993, pet. ref'd) (discussing reasons legislature did not provide a defense to prosecution for police officers). Nevertheless, a police officer's actions are justified if the officer reasonably believes the conduct is required or authorized by law, by the judgment or order of a competent court or other governmental tribunal, or in the execution of legal process. TEX. PENAL CODE ANN. § 9.21 (Vernon 1994). In this case, Johnson testified he was on routine patrol in a high drug traffic area when he saw appellant sitting on the steps "of a boarded up abandoned apartment complex." After observing the state of the complex and the no trespassing sign, Johnson's first thought was that appellant was trespassing. Consequently, Johnson stopped, exited the patrol car and called appellant, asking him to step forward for questioning. When appellant fled, Johnson pursued him on foot. Johnson's testimony supports a conclusion that he reasonably believed his entry onto the property was required to carry out his statutory duty to suppress crime and prevent offenses against the property of another. *See* TEX.CODE CRIM. PROC. ANN. art. 2.13 (Vernon 1977), art. 6.06 (Vernon Supp. 1997). As such, his conduct was justified under section 9.21 and the crack pipe and cocaine residue were not obtained as a result of an unlawful trespass.

Evidence that is legally obtained is admissible and does not contravene Article 38.23. *State v. Mayorga*, 901 S.W.2d 943, 945 (Tex. Crim.App.1995). Because Deputy Johnson obtained the crack pipe and cocaine residue as an incident of a lawful arrest, the evidence was admissible. The trial court did not abuse its discretion in denying appellant's motion to suppress. Appellant's sole point of error is overruled.

Accordingly, the judgment of the court below is affirmed.