Opinion issued December 23, 2004









     


In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01010-CR




FLOYD WAYNE JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 01CR2398




MEMORANDUM OPINION

          The trial court convicted Floyd Wayne Johnson of possession of between one
and four grams of cocaine, suspended the punishment of five years’ confinement, and
placed Johnson on community supervision. Johnson contends the trial court erred in
denying his motion to suppress the cocaine evidence. We affirm.
The Facts
          At around 7:00 a.m. on December 17, 2001, Deputy Michael E. Hensen of the
Galveston County Sheriff’s Department noticed Johnson’s car parked partially in a
roadway. Deputy Hensen asked Johnson to move his car, and Johnson complied. 
Deputy Hensen checked Johnson’s name for outstanding warrants, and the dispatcher
informed Henson that Johnson “possibly had warrants.” Hensen confirmed the
warrants, arrested Johnson based on those warrants, and transported him to the
Dickinson Police Department. Deputy Hensen then went back to his police car to
complete his daily log entry. He received a call from dispatch via radio that Johnson
had left his cellular telephone in Hensen’s police car. Hensen found the cellular
telephone and a small bag of crack cocaine in the backseat of the police car.
The Procedural History
          On November 4, 2002, Johnson moved to suppress the cocaine evidence,
alleging that the police seized the cocaine pursuant to a warrantless search because 
probable cause did not support the arrest warrants.


 The State did not produce either
the actual warrants or their underlying affidavits. Instead, the State offered exhibits
1A and 1B, which are computer printouts entitled “Misdemeanor History Reference.” 
These printouts contained information about Johnson’s warrants for failure to appear
and failure to change information on his driver’s license. Both printouts indicate
judgment dates of January 8, 2002. Kathleen McCumber, the Galveston County
Justice of the Peace records custodian, explained that Johnson “either would have
plead guilty or no contest because he got time served. . . . Meaning he sat in jail and
it took care of his cases.” The trial court denied Johnson’s motion to suppress
evidence and made the following conclusions of law:
1.The Court found that the warrants in question were valid warrants
issued out of the Justice of The Peace Court, Precinct 8, Position
1, Galveston County, Texas.
 
2.Testimony was heard from Kathleen McCumber, Justice of the
Peace, Precinct 8, that not only were there two outstanding
warrants for the defendant, Floyd Johnson, but the two offenses
reflecting the two outstanding warrants were no longer pending. 
Ms. McCumber testified that the defendant either pled guilty or
no contest receiving time served for both offenses.
 
3.The Court concluded that the present forum was not the
appropriate place to attack the validity of the arrest warrants. The
defendant had entered his plea to the offenses therefore disposing
of the cases. If there were any questions as to the validity of the
warrants, it should have been addressed in the proper forum and
prior to the disposal of the two offenses. 
Motion to Suppress
          Johnson contends that the trial court erred in denying his motion to suppress
the cocaine evidence because the State did not produce either the arrest warrants or
the underlying affidavits; therefore, his arrest is not supported by probable cause. 
Generally, we apply an abuse of discretion standard to review a trial court’s ruling on
a motion to suppress. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). 
We apply a de novo standard, when, as here, we review a question of law based on
undisputed facts. Id. 
          If the State seeks to justify an arrest based on an arrest warrant, it must produce
both the warrant and the supporting affidavit in the trial court at the time of the
justification of the arrest. Etheridge v. State, 903 S.W.2d 1, 19 (Tex. Crim. App.
1994). To fully protect the arrestee’s rights, the trial court inspects the documents to
determine whether probable cause existed for the arrest. Id. If the State does not
produce the actual arrest warrant, the trial court must have an “adequate opportunity”
to determine whether probable cause existed for the arrest. Id. (holding that trial
court had “adequate opportunity” to determine probable cause, even though State did
not produce arrest warrant, because magistrate who issued warrant testified about
probable cause). 
          Assuming that the State failed to demonstrate that the officer had probable
cause to arrest Johnson, the inadvertent discovery of contraband in the back of a
patrol car during the administrative act of searching for Johnson’s property, at
Johnson’s request, attenuates the taint from any unlawfulness of the arrest. Johnson
relies on Miller v. State, which held that an officer’s conclusory affidavit in support
of an arrest warrant was insufficient to establish probable cause. 736 S.W.2d 643,
647 (Tex. Crim. App. 1987). Miller, however, supports the State’s position. The
defendant in Miller requested that the police return to his home to retrieve his
marihuana because he was concerned that his parents might find it. Id. at 648. The
Court of Criminal Appeals held that, despite the lack of proof of probable cause, the
defendant’s voluntary consent to search “was an intervening event that satisfactorily
attenuated the taint of the illegal arrest.” Id. at 651. Here, Johnson affirmatively
requested that the officer retrieve his property from the back of the patrol car. As in
Miller, Johnson’s request that the police look for his cellular telephone similarly “was
an intervening event that satisfactorily attenuated the taint of the illegal arrest.” See
id. 
          To determine whether consent is tainted by illegal police conduct, the Texas
Court of Criminal Appeals has used the factors set out in Brick v. State, 738 S.W.2d
676, 680-81 (Tex. Crim. App. 1987). See Leal v. State, 773 S.W.2d 296, 297 (Tex.
Crim. App. 1989) (granting discretionary review to consider “whether taint stemming
from the unlawful entry was sufficiently attenuated under the test announced in Brick
v. State . . . [such] that the consent could be deemed valid.”). Although this case does
not involve a consent to search, because here, Johnson abandoned his property in the
back of a police car, and thus lacked standing to contest the search, the Brick factors
are useful in determining whether Johnson’s request that the police retrieve his
property attenuated the taint of any illegal arrest. The Brick factors are as follows:
(1) the proximity of the consent to the arrest; 
 
(2) whether the seizure brought about observation of the particular
object for which they sought consent to search, or, in other words,
whether the illegal arrest allowed officers to view the area or contraband
that the officers later received consent to search; 
 
(3) whether the illegal seizure was flagrant police misconduct; 
 
(4) whether the consent was volunteered rather than requested by the
detaining officers; 
 
(5) whether the arrestee was made fully aware of the fact that he could
decline to consent and, thus, prevent an immediate search; and 
 
(6) whether the police purpose underlying the illegality was to obtain the
consent. 
Brick, 738 S.W.2d at 680-81 (holding that appeals court erred in declining to consider
whether consent was tainted by potentially illegal police activity).
          Deputy Hensen testified that, after he transported Johnson to the police
department, he returned to his police car, and received a call from dispatch via radio
that Johnson had left his cellular telephone in Hensen’s police car. Deputy Hensen
did not see the cocaine until after Johnson had requested that police look for his
cellular telephone. We find no evidence of flagrant police misconduct in Deputy
Hensen’s act of checking the backseat of his own police car—an act not proximately
related in time or in task to the arrest. Rather, Deputy Hensen’s act was distinct from
the arrest, because it was in response to Johnson’s request that the officers look for
his cellular telephone—the police did not request Johnson’s consent. Moreover, the
police did not arrest Johnson for the purpose of obtaining a consent to search for
cocaine because Deputy Hensen did not know that Johnson possessed cocaine at the
time of the arrest. We conclude that Johnson’s request that the officer search for his
property was voluntary, and any taint of an illegal arrest was sufficiently attenuated. 
See Beaver v. State, 106 S.W.3d 243, 251 (Tex. App.—Houston [1st Dist.] 2003, no
pet.) (affirming conviction and determining that defendant voluntarily consented to
search under Brick factors). We therefore hold that the trial court did not err in
denying Johnson’s motion to suppress.
Conclusion
          We affirm the judgment of the trial court.


                                                             Jane Bland
                                                             Justice

Panel consists of Justices Taft, Jennings, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).