**Affirmed and Memorandum Opinion filed January 19, 2012.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

———————————

NO. 14-11-00082-CR
NO. 14-11-00083-CR

———————————

**DELTRIC C. CALDWELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd Judicial District Court
Harris County, Texas
Trial Court Cause Nos. 1266351 & 1266352**

## MEMORANDUM OPINION

Appellant Deltric C. Caldwell pleaded guilty to two counts of aggravated assault with a deadly weapon. The trial court deferred adjudication of guilt and placed him on community supervision for six years. The State subsequently filed a motion to adjudicate, alleging that appellant had violated four terms of his community supervision. The trial court found all of those allegations to be true and sentenced appellant to ten years'

imprisonment. In two issues, appellant contends that the evidence is insufficient to support the trial court's judgment. We affirm.

Under the conditions of his community supervision, appellant was instructed that he must (1) not commit any offense against the laws of this state; (2) provide written verification of employment, or documentation showing his attempts to secure employment; (3) perform two hundred hours of community service at the rate of ten hours per month, beginning in October 2010; and (4) submit to an alcohol and drug evaluation by the end of November 2010. In its motion to adjudicate, the State alleged that appellant violated section 38.04 of the Texas Penal Code by intentionally evading a police officer who was lawfully attempting to detain him. The State further alleged three additional violations of his community supervision, including (1) that appellant failed to obtain suitable employment or supply written proof of his attempt to obtain employment; (2) that he failed to perform his community service at the ordered rate; and (3) that he failed to submit to his alcohol and drug evaluation by the date prescribed. Appellant pleaded not true to each of the allegations.

At the hearing on the motion to adjudicate, Officer Jose Demeterio of the Houston Police Department testified that appellant evaded detention following a disturbance at a local night club. Officer Demeterio testified that he was dispatched to the club in response to reports of a "big fight" and possible shooting. When he arrived, he and other officers began to clear the parking lot of all individuals gathered there. Appellant was standing on one end of the parking lot, conversing with three other men. Officer Demeterio approached the men and advised them that they needed to leave. Though all four promptly dispersed on foot, appellant removed himself to a separate area of the parking lot and began another conversation with a different group of people. When Officer Demeterio instructed appellant a second time that he needed to leave the area, appellant turned around and insisted, "I didn't do anything." Officer Demeterio responded that appellant should "come here" for further questioning. Following that remark, Officer Demeterio testified that

appellant suddenly began "bouncing around." When Officer Demeterio approached and told appellant to stop, appellant took off running across the street. Officer Demeterio followed him to a nearby strip mall, where he ordered appellant to stop, get on the ground, and put his hands behind his back. Appellant refused to comply. He was eventually detained with the assistance of another officer. Throughout the entire episode, Officer Demeterio was wearing his official police uniform.

Emily Pawlowski testified for the State as custodian of appellant's probation files. She indicated that appellant was currently unemployed and that he had not yet submitted any written proof of his attempt to secure employment. Pawlowski testified that appellant had not performed any community service as of the date of the hearing, even though he should have completed at least twenty hours by that point. Pawlowski also stated that appellant had not submitted to his required alcohol and drug evaluation, despite having an appointment scheduled for November 23, one week before the date prescribed in his order for community supervision.

Pawlowski's files indicated that appellant had experienced some delay when he first tried to arrange a meeting with his probation officer. This delay appears to have resulted from problems with the State's computer system, not appellant's wrongdoing. Pawlowski testified that, even with the delay, appellant should have been able to complete the requirements as specified in his order for community supervision.

Testifying in his own defense, appellant said he went to the night club to pick up his cousin. When law enforcement arrived at the club, appellant testified that an officer told him that he would need to leave the premises on foot, rather than in his car. According to appellant, the officer told him to cross the street and wait there. Appellant said that as he was crossing the street, the officer asked him to move faster, so he decided to jog. Once on the other side, appellant said a separate officer ordered him to stop and get on the ground. He was then taken into custody for resisting arrest. Appellant did not have any weapons or contraband on his person.

Appellant testified that he was preparing to enter a community college and that he was currently unemployed. He stated that he and his mother would often go to Work Source, where he would receive assistance in building a résumé. Appellant also conceded that he missed his November 23 appointment for an alcohol and drug evaluation; however, appellant stated that he called his probation officer in advance, and they both agreed to reschedule the appointment for sometime in December. According to appellant, his probation officer also agreed to briefly postpone his community service requirements.

In two issues, appellant argues that the evidence is insufficient to prove (1) that he committed the offense of evading detention; and (2) that he intentionally violated the conditions of his community supervision, as alleged in the motion to adjudicate.

We review the trial court's decision to revoke community supervision and enter an adjudication of guilt for an abuse of discretion. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West 2012); *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). In challenges to the sufficiency of the evidence, the burden of proof is by a preponderance of the evidence. *See Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). This burden is satisfied when the evidence creates a belief, more probable than not, that a condition of community supervision has been violated as alleged. *See Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.). As the trier of fact, the trial court is the sole judge of the credibility of witnesses and of the weight given to their testimony, and any inconsistencies in the evidence are resolved in favor of the judgment. *Battle v. State*, 571 S.W.2d 20, 21 (Tex. Crim. App. [Panel Op.] 1978). Proof of any one of the alleged violations is sufficient to support a revocation of community supervision. *See Trevino v. State*, 218 S.W.3d 234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Alexander v. State*, 879 S.W.2d 338, 340 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd).

A person commits the offense of evading detention if he intentionally flees from a person he knows is a peace officer attempting lawfully to detain him. Tex. Penal Code

4

Ann. § 38.04(a) (West 2012). Law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Crockett v. State*, 803 S.W.2d 308, 311 (Tex. Crim. App. 1991). A detention is lawful if the officer can point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). In other words, the officer must reasonably suspect that some activity out of the ordinary is occurring or has occurred, the detained person is connected with the unusual activity, and the activity is related to a crime. *Rue v. State*, 958 S.W.2d 915, 917 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Circumstances that raise a suspicion that illegal conduct is occurring or has occurred do not have to be criminal in and of themselves. *Reyes v. State*, 899 S.W.2d 319, 324 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd). Rather, the circumstances need only include facts that render the likelihood of criminal conduct greater that it would be otherwise. *Id.*

Viewed in the light most favorable to the trial court's ruling, the evidence supports a finding that appellant intentionally evaded detention. The record shows that appellant knew Officer Demeterio to be a peace officer. Appellant identified Officer Demeterio as "the law," and Officer Demeterio stated that he was wearing his police uniform at the time of the incident.

The record also contains specific and articulable facts that would cause Officer Demeterio to reasonably suspect that appellant was involved in criminal activity. Officer Demeterio indicated that he arrived at the night club on reports of a possible shooting. *See Klare v. State*, 76 S.W.3d 68, 73–74 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (observing that time of day and an area's history of criminal activity may be factors in determining whether an officer has reasonable suspicion to detain). When Officer Demeterio attempted to clear the parking lot of all individuals waiting there, appellant refused to follow his instructions. Appellant did not leave the parking lot as initially ordered, and he started "bouncing around" once he was told to leave a second time. *See*

5

*Illinois v. Wardlow*, 528 U.S. 119, 125 (2000) ("[T]he determination of reasonable suspicion must be based on commonsense judgments and inferences about human behavior."). Finally, when Officer Demeterio ordered him to stop and "come here," appellant took off running in the opposite direction. Based on this record, we conclude that the State carried its burden of proving by a preponderance of the evidence that appellant evaded detention, in violation of Section 38.04.

Even if we were to assume that appellant did not evade detention, we would still conclude that the evidence is sufficient to support a finding that appellant violated the other terms of his community supervision. Pawlowski testified that appellant failed to submit written proof of his attempts to obtain suitable employment. She also testified that appellant failed to complete any community service or to submit to an alcohol and drug evaluation. Although appellant's failings here may be attributable to some delay in setting up an initial appointment with his probation officer, Pawlowski testified that appellant should have been able to satisfy the terms of his community supervision nonetheless. Appellant may have provided some additional excuses for his noncompliance, but as the ultimate judge of credibility, the trial court was free to accept Pawlowski's testimony and appellant's probation file over appellant's own version of the events.

Appellant's two issues are overruled and the judgment of the trial court is affirmed.


/s/      Adele Hedges
Chief Justice


Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).