COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| JAVIER CASTRO, | § | |
| Appellant, | | No. 08-16-00354-CR |
| | § | |
| v. | | Appeal from the |
| | § | |
| THE STATE OF TEXAS, | | County Criminal Court No. 2 |
| | § | |
| Appellee. | | of El Paso County, Texas |
| | § | |
| | | (CN#20160C06339) |
| | § | |

## O P I N I O N

Javier Castro was found guilty of criminal trespass and his sentence was a $200.00 fine. In his sole issue for review, Appellant challenges the sufficiency of the evidence supporting his conviction. We affirm.

### BACKGROUND

On July 6, 2016, at around 11:00 p.m., Appellant was arrested by the El Paso Police Department for criminal trespass. Prior to that day, Appellant and his friend planned, researched, and learned about the Star—a 400-foot-long star made out of light bulbs located on an acre of private property of the City of El Paso on the side of the Franklin Mountains—in order to climb it and take photographs. On the night of July 6, 2016, Appellant parked his vehicle at 1600 Scenic Drive, which was near a gate with a posted "no trespassing sign" that hikers could easily hike

around. Appellant testified that he and his friend did not use the trail that leads up to the Star, but instead hiked to the Star from the east side of the mountain. After a twenty-minute hike, Appellant reached the Star. Appellant remained inside the Star—just below the middle of it—for about thirty minutes and took photographs with the Star and the El Paso city view. Appellant claims he did not see any "no trespassing" signs on the way up to the Star, or while inside the Star.

At around 11:00 p.m., Officer Robles and his partner were dispatched to 1600 Scenic Drive and were told that surveillance had detected three male subjects on the mountain. The officers encountered two male subjects, Appellant and his friend, located right under the Star and arrested them.

Officer Robles testified that although there is no fence surrounding the Star, he believed Appellant had notice because there are two "no trespassing" signs located right near the Star, and were clear to view from where Appellant was encountered. Additionally, Officer Robles testified that the "no trespassing" signs that are near the Star and those further away, are highly visible from all directions to those individuals at or near the Star. Patrick Espinoza—the director of marketing and IT for the Greater El Paso Chamber of Commerce who handled all operations dealing with the Star for the past ten years—is very familiar with the area of where the Star is located. Espinoza testified that there is a total of four signs on the Star: one on the trail that leads up to the Star, a second on the Star's center pole, a third on the road right before getting to the Star, and a fourth at the very top of the Star. All four signs are large and clearly state "no trespassing" in both English and Spanish. Espinoza also testified that regardless of the route that someone takes to hike to the Star, they would encounter one of the signs upon arrival to the Star; it would be "very, very difficult" to not see the "no trespassing" signs because there are four in that specific area.

2

# DISCUSSION

## Criminal Trespass

In his sole issue for review, Appellant contends the evidence is insufficient to show he is guilty of criminal trespass beyond a reasonable doubt. Specifically, Appellant argues he was not given proper notice and that due to conflicting testimony, the trial court reached its guilty verdict based on speculation. We disagree.

### *Standard of Review*

We review a sufficiency challenge under the legal-sufficiency standard established in *Jackson v. Virginia*. 443 U.S. 307, 318, 99 S.Ct 2781, 2788-89, 61 L.Ed.2d 560 (1979). The "relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*, at 319, 99 S.Ct. at 2789. Circumstantial evidence alone may be sufficient to affirm a conviction because it is as probative as direct evidence. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex.Crim.App. 2014). The trial court, as the trier of fact, has the exclusive province of resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. If the record supports conflicting testimony, we presume the trier of fact resolved the conflicts in favor of the prevailing party and we must defer to that determination. *Id.*, at 326, 99 S.Ct. at 2793. Ultimately, a verdict on appeal will not be disturbed unless a rational trier of fact could not have found so. *Fernandez v. State*, 479 S.W.3d 835, 838 (Tex.Crim.App. 2016).

### *Analysis*

A person commits criminal trespass if he enters or remains on or in the property of another

without effective consent and (1) "had notice that the entry was forbidden," or (2) "received notice to depart but failed to do so." *See* TEX.PENAL CODE ANN. § 30.05(a)(West Supp. 2017). "Notice" includes: "oral or written communication by the owner or someone with apparent authority to act for the owner," or "fencing or other enclosure obviously designed to exclude intruders," or "a sign or signs posted on the property or at the entrance . . . reasonably likely to come to the attention of intruders, indicating that entry is forbidden." *See* TEX.PENAL CODE ANN. § 30.05(b)(2). A culpable mental state of intentionally, knowingly, or recklessly is required for the offense of criminal trespass. *See West v. State*, 567 S.W.2d 515, 516 (Tex.Crim.App. 1978). Circumstantial evidence can be relied upon to establish proof of a culpable mental state and can ordinarily be inferred from the "acts, words, and conduct of the accused and the surrounding circumstances." *Knight v. State*, 457 S.W.3d 192, 199 (Tex.App.--El Paso 2015, pet. ref'd).

Appellant argues that the evidence is insufficient to prove the elements of criminal trespass because he did not have proper notice that entry was forbidden. Appellant claims he did not have proper notice because he did not use the path up to the Star that contains the no trespassing signage, but instead hiked through a different route and thus, did not see any "no trespassing" signs. Officers Robles and Espinoza testified that it is possible to hike to the Star through different areas where one would not see signage. However, regardless of whether Appellant did or did not see signage on his way up to the Star, he remained on the Star for thirty minutes where clear signage is posted. The evidence in the record is sufficient to prove that upon arrival to the Star, signage would reasonably likely come to the attention of an intruder, indicating that entry is forbidden. Officer Robles testified, "If you hike up from a different area, no. But once you get to the star, you will see other signs up there." Espinoza testified, "if you get up to the star, [a no trespassing

4

sign on the center pole of the Star is] very, very difficult not to see. There's three -- actually, four [no trespassing signs] in that specific area." In fact, Appellant posed in several photographs inside the Star, with the light bulbs of the Star in his immediate background. Moreover, Appellant did not claim his entry was accidental; Appellant planned, researched, and learned about the Star before entering. Appellant's close proximity to the Star, evidence that several no trespassing signs were posted close to the Star—which were likely visible from where Appellant was—and the fact that Appellant's car was parked near one of the signs on Scenic Drive, all support that Appellant had proper notice. Thus, the evidence was sufficient to establish Appellant had notice that his entry was forbidden because the signage was reasonably likely to come to the attention of intruders. *See Rue v. State*, 958 S.W.2d 915, 918 (Tex.App.--Houston [14th Dist.] 1997, no pet.)(finding that defendant had notice and was aware that he was trespassing because of the presence of a sign that warned against trespassing); *see Newman v. State*, No. 05-93-00583-CR, 1994 WL 110728 at *1, *3 (Tex.App.--Dallas Mar. 30, 1994, no pet.)(not designed for publication)(concluding that the five posted "no trespassing" signs and appellant's conduct could persuade a rational trier of fact that he acted knowingly and intentionally).

Appellant also argues that due to conflicting testimony, the trial court reached its guilty verdict based on speculation. Officer De La Rosa, who was dispatched to assist the officers that detained Appellant, testified that there are not any signs near the Star that she is aware of. Appellant contends that this testimony conflicts with his own testimony, and the testimonies of Officer Robles, Espinoza, and Appellant's friend. However, the trier of fact has the exclusive province of resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. The

5

trial court could have chosen to believe Officer De La Rosa's testimony over Officer Robles's and Espinoza's. Instead, the trial court resolved conflicting testimony, weighed the evidence, drew reasonable inferences, and ruled that "in reviewing the exhibits and testimony presented . . . there was proper notice to this individual or individuals within the public that the premises where the gentlemen were at the time did have notice to not be there and it would be criminal trespass."

Viewing the evidence presented to the trial court in the light most favorable to the verdict, as we are required to do, we find that a rational trier of fact could have found that Appellant had notice that entry was forbidden, thus finding the essential elements of criminal trespass beyond a reasonable doubt. Appellant's sole issue on appeal is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

July 31, 2018

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

6