NO. 07-01-0404-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 22, 2002,

_____

LUREANER OULARE,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 95,500; HON. W. F. CORKY ROBERTS, PRESIDING
_____

Before B0YD, C.J., QUINN and REAVIS, J.J.

Appellant Lureaner Oulare appeals her conviction for interfering with public duties. She asserts one issue before us, and it involves various comments made by the trial court to the venire members during voir dire. Those comments, which purportedly instructed the venire that the police officers who were to testify were telling the truth and which informed the jurors that they were part of the "government," were "fundamental structural error of

constitutional dimension that require the reversal of the judgment," according to appellant.[1]

We overrule the issue and affirm the judgment.

### *Background*

Whether a particular matter constitutes error often depends upon the context of the act. This means that the context of the act is quite important to our review. *See Means v. State*, 955 S.W.2d 686, 692 (Tex. App.–Amarillo 1997, pet. ref'd, untimely filed) (stating that an appellant is not free to dissect a trial record for words which may be rendered ambiguous when taken from their context and then use them, once removed from their context, to complain of error). Thus, we are compelled to view the utterances at issue within their context, and that context follows.

First, regarding the comment about police officers being truthful, the court said:

> We can't tell you how to make your decisions, how to determine if a witness is credible or not . . . . The only thing I can tell you beyond using your common sense is you cannot give any witness instant credibility nor can you take away credibility just because of who they are, what their occupation is, or any other thing.

> And I'll give you an example. One of the most famous judges that the United States has ever produced was the Chief Justice of the Supreme Court of New York and he was highly touted as the next member of the United States Supreme Court, and he did some inappropriate things - - well, transcended inappropriate. He did some illegal things, and he's now in the penitentiary.

---

[1]Appellant likens the comments to fundamental structural error to avoid the argument that her objections were waived pursuant to Texas Rule of Appellate Procedure 33.1. Simply put, she did not object to them when uttered below.

2

There are former police officers in the penitentiary. There are former FBI agents in the penitentiary. Every occupation that we might admire has their bad seeds, so you can't just automatically assume that someone's going to tell you the truth just because of their occupation.

If another judge comes in here, you listen to them to what they say, make your determinations on whether they're telling you the truth based on what they say and how logical it is. Can you do that? That's not in any way to say that you should view their testimony with skepticism. That means don't just say, if he's a fireman, I'm going to believe him, because that's idiotic if you think about it. Everybody agree with that? There's a whole bunch of policemen sitting right back there and they will tell you that's idiotic. They don't expect you to believe them because they're policemen. *They expect you to believe them because of what they're telling you and it's the truth. And the way they convey it to you should convince you that it's the truth.* If it doesn't, well, don't believe them. Everybody all right on that?

Every time I make that little speech, somebody . . . says, if a fireman got up there . . . I would believe everything he said. Well . . . we all admire firemen, [sic] police officers. I would like to believe you admire judges . . . . But that doesn't mean that they're all perfect. It just means they're in that profession and we have a right to - - we have a right to consider their training if it comes out on the witness stand that they've been specially trained and you believe that, you can take that into consideration certainly. But you can't give them automatic credibility.

(Emphasis added). With regard to the comment about jurors being part of the government,

the court said:

[w]e rely on the collective common sense of the American citizens *to run our government*, and just *because there's six of you on this jury doesn't mean your not a vital part of our government today*. And when we think of our government, we think of President Bush . . . and . . . all of the people we're hearing about right now, and they made the major decisions on the big things that happen in our country, but *you six will be part of our government in this case*. Without you, we wouldn't have the democracy we have. We

3

got to have it this way. It's an imposition on every one of you. There's not a one of you here that doesn't have something they would rather do today . . . . If you think about it a little bit, you realize there's nothing more important for you to do today as a citizen of this - - of this country. *You're part of the government of this country today.* Everybody agree with that?

With that said, we turn to the arguments of appellant.

### *Argument*

*Preservation of Complaint*

Initially, we note that appellant failed to object to any of the comments about which she now complains. That is fatal on appeal given the dictates of Texas Rule of Appellate Procedure 33.1. The latter obligates one to object at trial, state specific grounds for the objection, and secure a ruling on the objection as a condition precedent to the assertion of the complaint on appeal. TEX. R. APP. P. 33.1(a)(1). And, that this requirement generally applies to error arising from the trial court's own conduct is clear. *See Brewer v. State*, 572 S.W.2d 719, 721 (Tex. Crim. App. 1978) (stating that where no objection is made, remarks and conduct of the court may not be subsequently challenged unless they are fundamentally erroneous); *Williams v. State,* 834 S.W.2d 502, 505 (Tex. App. – Fort Worth, pet. ref'd) (stating that an appellant must object to the trial court's comment to preserve error); *Moore v. State*, 907 S.W.2d 918, 923 (Tex. App.–Houston [1st Dist.] 1995, pet. ref'd) (stating that errors involving the trial court's comment on the weight of the evidence must be asserted at trial to preserve them for appeal). Recognizing this,

4

appellant attempts to squeeze her circumstance into the window opened in *Brewer*. That is, she contends that she was relieved from having to comply with Rule 33.1 because the supposed misconduct constituted fundamental error. Furthermore, she relies on the case of *Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000) to support her supposition. We find *Blue* inapposite.

In *Blue*, the trial court informed the jury that the defendant had received a plea offer and was contemplating whether to accept it and plead guilty. So too did the trial court state that it would "prefer" that the defendant plead guilty. Though appellant objected to neither comment at trial, he complained of them on appeal. The intermediate court concluded that because no contemporaneous objection was uttered, the error was waived. However, the Court of Criminal Appeals reversed the decision, holding that the error was fundamental and outside the scope of Rule 33.1. In so holding, the court did not state that each instance of misconduct by the trial judge constituted fundamental error. Nor did it overrule, in any respect, its prior holding in *Brewer*. Rather, four of those voting to reverse deemed the comments to taint the presumption of innocence while the fifth and sixth judges believed that they denied the accused his right to an impartial judge or an impartial tribunal, respectively. *Saldano v. State*, 70 S.W.3d 873, 889 n.72 (Tex. Crim. App. 2002). And, because they implicated those rights, they were held to be fundamental and subject to assertion for the first time on appeal.

5

So, to say the least, the scope of *Blue* is far from certain. Nevertheless, we cannot reasonably interpret it as dispensing with the need to comply with Rule 33.1, save in those instances wherein the judge's conduct rises to the level of impugning the presumption of innocence, denying an accused the basic right to an impartial jurist or tribunal, or the like. Furthermore, neither of the comments at bar rise to that level, assuming *arguendo* that they were even improper*.*

As for that involving the truthfulness of the police, the court was not telling the jury that the police would be truthful, as appellant suggested. It is clear from the entire context of the utterances that the jurist attempted to dissuade the venire from believing the police or any other official simply because they were the police or a government official. And, in doing so, it suggested that the police themselves would not want the jurors to deem them credible merely because they were the police; instead, they (the police) would want to be believed since they (in their collective minds) believed they would be reciting the truth. That is a far cry from conduct evincing 1) a defendant's belief in his own guilt (*i.e.* informing jurors that the defendant was seriously contemplating a plea offer) or 2) the court's bias against the defendant (*i.e.* revealing his belief that the defendant should plead guilty).

Simply put, the trial court at bar sought to instruct the jury to have an open, unbiased mind when hearing the evidence. In *Blue*, the trial judge did something quite different. Therefore, the complaint before us falls outside the parameters of *Blue* but within

6

those established by *Brewer*, and because appellant did not raise it below, it was waived. TEX. R. APP. P. 33.1(a)(1).

Nor do the comments about the potential jurors being part of the government fall within *Blue*. Again, upon viewing them in context, the trial court was endeavoring to stress upon the jury the importance of their role in our judicial system or system of government. It did not inform the venire that as part of the government, it was acting on behalf of the prosecution, as appellant insinuates.[2] Thus, the comments did not taint the presumption of innocence or effectively deprive appellant of an unbiased judge or tribunal. And, to the extent they did not, appellant was obligated to object below to preserve them for appeal. *Brewer v. State*, *supra*.

Accordingly, we affirm the judgment.


Brian Quinn
Justice



Publish.

---

[2]We note appellant's reference to the website of our State Bar and its purported definition of the word "government." Yet, she did not cite us to anything of record indicating that the trial judge directed the venire to the website. Nor did our review of the record reveal any such thing. Nor did our review of the record disclose anything which would lead one to reasonably infer that by alluding to the "government" the court meant the prosecution.

7

8