NO. 07-06-0360-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 11, 2007
______________________________

CLARENCE M. BOYD, JR.

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409,674; HON. BRAD UNDERWOOD, PRESIDING
_______________________________

Memorandum Opinion
______________________________

Before QUINN, C.J. and CAMPBELL and PIRTLE, JJ.
          Clarence M. Boyd, Jr. was convicted of aggravated robbery and given a life
sentence. In challenging the conviction, he argues that 1) the evidence was factually
insufficient to support the verdict due to the unreliable in-court identification, and 2) the
court erred in admitting testimony from Brandi Anderson about what was said in her
presence after the robbery because it denied appellant his right of confrontation. We
overrule the issues and affirm the judgment. 
          Background
          On July 1, 2005, Darla Reno and her husband Roger were working at the Dalton
Floors store in Lubbock which they managed. Jarrod Hull was also employed at the store. 
Around 11:30 a.m., a black man, later identified as appellant, entered the store and asked
Darla about carpet measurements. She directed the man to Roger who was behind the
counter. As Roger began to calculate the measurements, appellant pulled a gun on Roger
and demanded cash which Roger gave him from the cash drawer. Appellant then asked
for the “other money.” Under the counter were two other bags. One of those bags
contained overflow money and the other one was a “dummy bag.” Roger gave the dummy
bag to appellant who then asked for the other money. At that point, Roger suspected
someone who worked at the store was involved. Roger gave appellant the overflow bag,
and appellant left. 
          Several days after the robbery, Brandi Anderson made a phone call to Roger during
which she told him she had been in the parking lot of an apartment complex when she
heard appellant and Jarrod talking about taking money from the store. She also told
Roger that after the robbery, Jarrod had come back to the apartment complex looking for
appellant in order to split the proceeds of the robbery.


 
          Issue 1 - Factual Sufficiency of the Evidence
          Appellant initially contends that the evidence is factually insufficient to support the
identification of him as the perpetrator of the charged offense. The standard by which we
review factual sufficiency challenges is set forth in Watson v. State, 204 S.W.3d 404 (Tex.
Crim. App. 2006). We refer the parties to that opinion. And, in considering that standard,
we overrule the issue.
          Neither Darla nor Roger were able to identify appellant in a photo spread prior to
trial. Nor did Darla identify appellant at trial as the robber. However, Roger did, and in
doing so, he testified that he had looked at appellant’s face and that he was “100 percent
sure” . . . “[b]ecause you don’t forget somebody that puts a gun on you.” He also explained
his inability to identify appellant in the photo spread because “[n]ot everybody photographs
the same as they look in person.” In short, Roger’s in-court identification was unequivocal. 
That he could not remember what shirt or pants the robber wore or that his identification
was not made until approximately eleven months after the event go to the weight and
credibility of the identification, which, in turn, is for the jury to determine. Sosa v. State,
177 S.W.3d 227, 230 (Tex. App.–Houston [1st Dist.] 2005, no pet.) (holding that the
contention that an identification was unreliable because the intruder wore a mask goes to
the witness’ credibility); Harvey v. State, 3 S.W.3d 170, 175 (Tex. App.–Houston [14th Dist.]
1999, pet. ref’d) (holding that the argument that the witness did not have the time,
opportunity, or emotional wherewithal to get a good look at the gunman went to the weight
of the evidence and the credibility of the witness). And, a verdict is not rendered factually
insufficient simply because the jury resolved those credibility issues against the accused. 
Harvey v. State, 3 S.W.3d at 175. 
          We further note that a police officer was allowed to testify that Jarrod identified
appellant as the robber from a photo spread and that Brandi identified appellant as one of
the persons having a discussion about taking money from the store. Appellant contends
that no weight should be assigned this evidence because Jarrod was an accomplice and
Brandi was a felon attempting to obtain a reward for her testimony. Yet, those matters too
are for the jury to weigh in determining the credibility of those witnesses. See Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (holding that the jury is the exclusive
judge of the credibility of the witnesses and the weight to be given their testimony). And,
when considering both their testimony and the applicable standard of review, we cannot
say that the evidence of guilt was weak or overwhelmed by contrary evidence. In short,
the verdict enjoys the support of factually sufficient evidence.



          Issue 2 - Confrontation Clause
          Appellant next complains of the decision to admit Brandi’s reiteration of what Jarrod
said after the robbery about wanting his share of the money. This decision purportedly
denied him his right of confrontation.


 We overrule the issue. 
          In determining whether one has been denied his right of confrontation, we must
determine whether the statement is testimonial or non-testimonial. Crawford v.
Washington, 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177, 203 (2004). If
testimonial, then admission of the hearsay statement violated a defendant’s right to
confrontation unless the defendant had the opportunity to cross-examine the declarant. 
Id. Next, statements are testimonial when they are akin to1) ex parte in-court testimony
or its functional equivalent such as affidavits, custodial examinations, or prior testimony
that the defendant was unable to cross-examine, 2) pretrial statements that the declarant
would expect to be used in a prosecution, 3) extra-judicial statements in formalized
materials such as affidavits, depositions, prior testimony, or confessions, or 4) statements
made under circumstances that would lead an objective witness to believe that the
statement would be used in a future judicial proceeding. Wall v. State, 184 S.W.3d 730,
735 (Tex. Crim. App. 2006). Indicia surrounding the utterance which should be considered
include 1) to whom it was made, 2) whether it was volunteered or solicited, 3) the setting
in which the utterance was made, and 4) the time it was made. Flores v. State, 170
S.W.3d 722, 724 (Tex. App.–Amarillo 2005, pet. ref’d). 
          Here, Jarrod’s comment about looking for appellant to retrieve his portion of the
stolen money could reasonably be deemed as against Jarrod’s interests and not one which
the declarant would want others to hear. Nor was it said under oath, at any trial, during any
pretrial proceeding, or during discovery. Rather, the words were volunteered to appellant’s
girlfriend during a conversation in an apartment while explaining why the declarant sought
appellant after the robbery. Finally, nothing of record suggests that the information was
part of a conversation involving an attempt to obtain evidence for use in a later prosecution. 
Given these indicia, we cannot say that the trial court’s decision to overrule the reiteration
non-testimonial fell outside the zone of reasonable disagreement. 
 
          The judgment of the trial court is affirmed.
 
                                                                           Per Curiam
 
Do not publish.         



ourt treated
it as challenging the lawfulness of his arrest. On appeal it appears he is contending the
trial court should have granted his motion to suppress because the police had no
reasonable basis to detain him or to enter the residence in pursuit of him. Accordingly, we
also focus on the lawfulness of the arrest.
          A reviewing court examines the reasonableness of a temporary detention in terms
of the totality of the circumstances. Balentine v. State, 71 S.W.3d 763, 768 (Tex.Crim.App.
2002). An investigative detention is permitted under the Fourth Amendment if it is
supported by reasonable suspicion. Id., citing Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct.
1868, 20 L.Ed.2d 889 (1968). Reasonable suspicion is a particularized and objective basis
for suspecting the person detained is, has been, or soon will be engaged in criminal
activity. Crockett v. State, 803 S.W.2d 308, 311 (Tex.Crim.App. 1991). An officer’s
reasonable suspicion must be based on objective facts that the individual involved is
involved in criminal activity. Id., citing Dickey v. State, 716 S.W.2d 499, 503, n.4
(Tex.Crim.App. 1986). 
          Probable cause for an arrest exists where police have reasonably trustworthy
information sufficient to warrant a reasonable person to believe that a particular person has
committed or is committing an offense. McGee v. State, 105 S.W.3d 609, 614
(Tex.Crim.App. 2003). An officer may enter a residence to make an arrest without a
warrant when exigent circumstances require the officer to enter without the consent of a
resident or a warrant. Tex. Code Crim. Proc. Ann. art. 14.05 (Vernon 2005); Rue v. State,
958 S.W.2d 915 (Tex.App.–Houston [14th Dist.] 1997, no pet). An officer’s hot pursuit of
an offender seeking to avoid arrest is an exigent circumstance justifying nonconsensual
entry into the offender’s residence. Id., citing Curry v. State, 831 S.W.2d 485, 488
(Tex.App.–Houston [14th Dist.] 1992, pet. ref’d) (officers’ entry into appellant’s house was
proper when officers were in hot pursuit of appellant who was attempting to avoid arrest),
quoting United States v. Santana, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976) (“[A]
suspect may not defeat an arrest which has been set in motion in a public place . . . by the
expedient of escaping to a private place”). 
          Here, Officer Bias’s observation at that location of the truck matching the description
he was given provided ample reason to suspect that its driver had been involved in the
reckless driving and property damage reported to police, particularly given the officer’s
additional observation of appellant’s smoky effort to push another vehicle up the driveway. 
The officer was entitled to detain him for further investigation. See Mottley v. State, 841
S.W.2d 550, 551 (Tex.App.–Houston [1st Dist.] 1992, no pet.) (finding reasonable suspicion
for detention in similar situation). Bias was in a marked patrol car, he had activated his
emergency lights, and he was wearing a police uniform. The trial court was free to accept
as true the officer’s version of the events rather than appellant’s version. The trial court
also was free to see appellant’s failure to respond to the officer’s efforts to detain him,
coupled with appellant’s walking away toward the residence, as giving Bias a reasonable
basis to conclude appellant was intentionally evading detention, providing probable cause
for his arrest. See Tex. Code Crim. Proc. Ann. art. 14.01 (Vernon 2005); Tex. Penal Code
Ann. § 38.04 (Vernon 2003); Mincey v. State, 112 S.W.3d 748, 753 (Tex.App.–Beaumont
2003, no pet.) (officers could reasonably conclude, based on their first-hand observation
of appellant’s conduct, that appellant was intentionally evading detention when, at the time
officers approached to speak with him, appellant went into the house, slammed the door,
and refused to come to the door or answer the phone). Like the court in Rue, we further
find appellant’s attempt to evade a lawful detention was an exigent circumstance justifying
Officer Bias’s entry into appellant’s residence. Bias testified he was afraid he would “lose
track” of appellant and “not be able to locate him” if he allowed appellant to get into the
house out of sight. See Rue, 958 S.W.2d at 918 (officer sought to lawfully detain
defendant; defendant’s attempt to flee, requiring officer to pursue defendant into his
apartment, was exigent circumstance justifying officer’s entry into apartment). Under the
totality of the circumstances, the trial judge did not abuse his discretion in denying
appellant’s motion to suppress.
          Moreover, we agree also with the State’s contention that appellant’s prosecution for
assault on a public servant during the course of the arrest does not depend on the arrest’s
lawfulness. See, e.g., Martinez v. State, 91 S.W.3d 331, 340 (Tex.Crim.App. 2002); 
Gonzales v. State, 574 S.W.2d 135, 137 (Tex.Crim.App. 1978) (applying article 38.23 of
the Code of Criminal Procedure); Cooper v. State, 956 S.W.2d 95, 98 (Tex.App.–Tyler
1997, no pet.) (aggravated assault on a peace officer). With respect to the convictions for
resisting arrest, the Penal Code explicitly provides that the unlawfulness of the arrest is not
a defense to prosecution for that offense. Tex. Penal Code Ann. § 38.03(b) (Vernon
2003). For this reason also, the trial court did not abuse its discretion by denying
appellant’s motion to suppress.
          For both these reasons, we overrule appellant’s first issue.
 
Trial Court’s Questions During Suppression Hearing
          In appellant’s second and third issues, he asserts the trial court erred when, during
the suppression hearing, the judge engaged in questioning of Officer Bias (issue two) and
of appellant (issue three). In issue two, appellant specifically complains of the following:
The Court:I guess I need two points of clarification, if you don’t
mind. When you saw the pickup pushing the other car
up into the driveway, was the pickup in the driveway or
was it on the street?
Officer Bias:It was–It had already been in the driveway at an angle
like this (indicating) and he was continuing to push the
vehicle farther into the driveway.
The Court:All right. And when you saw [appellant] exit the truck,
he looked at you and you looked at him; right?
          Officer Bias:            Yes, sir.
          The Court:               And you told him to stop and you told him “Aqui”?
Officer Bias:I told him “Stop, come here” and then I told him “Aqui”
in Spanish.
The Court:Okay. And that’s all the–that’s all of the Spanish that
you said?
          Officer Bias:            Yes, sir.
The Court:At that point in time were you investigating and asking
for identification or were you arresting?
Officer Bias:At that point in time I was still going to detain him for
investigation. I wasn’t sure what was causing the
actions at that point in time.
          In issue three, appellant contends the trial court abused its discretion by questioning
appellant about his background during the suppression hearing. The exchange of which
appellant complains is as follows:
          The Court:               Do you speak English?
          A:                             No.
          The Court:               Do you understand English when it’s spoken to you?
          A:                             A little.
The Court:A little. Okay. Do you recall whether anyone asked you
for your driver’s license?
          A:                             No.
          The Court:               Are you a U.S. citizen?
          A:                             No.
          The Court:               Of what country are you a citizen?
          A:                             San Luis Potosi.
          The Court:               Is this a city?
          A:                             Yes.
          The Court:               In which country?
          A:                             Rio Verde, San Luis Potosi.
          The State contends neither issue is preserved for our review because no objection
was made at the time of the questioning. To preserve a complaint for appellate review, a
party must present to the trial court a timely request, objection, or motion stating the
specific ground for the desired ruling if the specific grounds are not apparent from the
context. Tex. R. App. P. 33.1; Moreno v. State, 900 S.W.2d 357, 360
(Tex.App.–Texarkana 1995, no writ). Where no objection is made, remarks and conduct
of the court may not be subsequently challenged unless they constitute fundamental error
because they impugn the presumption of innocence, deny the defendant a fair and
impartial jurist or have similar effect. Moreno, 900 S.W.2d at 359, citing Brewer v. State,
572 S.W.2d 719, 721 (Tex.Crim.App. 1978) (panel op.); Oulare v. State, 76 S.W.3d 231,
234 (Tex.App.–Amarillo 2002, no pet.) (recognizing requirement to object is applicable to
remarks and conduct of the court). See also Blue v. State, 41 S.W.3d 129, 138
(Tex.Crim.App. 2000) (plurality op.).
 
          Due process under both the United States and Texas constitutions requires a
neutral and detached hearing body or officer. Gagnon v. Scarpelli, 411 U.S. 778, 786, 93
S.Ct. 1756, 1762, 36 L.Ed.2d 656 (1973); Earley v. State, 855 S.W.2d 260, 262
(Tex.App.–Corpus Christi 1993), pet. dism’d as improvidently granted, 872 S.W.2d 758
(Tex.Crim.App. 1994); accord, Brumit v. State, 206 S.W.3d 639, 645 (Tex.Crim.App. 2006). 
See also Blue, 41 S.W.3d at 138 (Keasler, J., concurring) (right to impartial judge is
absolute right). A reviewing court presumes the trial court was neutral and detached
absent a clear showing to the contrary. Brumit, 206 S.W.3d at 645; Fielding v. State, 719
S.W.2d 361, 366 (Tex.App.–Dallas 1986, pet. ref’d). A trial judge is permitted to question
a witness when seeking information, clarifying a point, or to obtain a clearer idea of the
merits of the case. Moreno, 900 S.W.2d at 359; Burks v. State, 693 S.W.2d 747, 750
(Tex.App.–Houston [14th Dist.] 1985, pet. ref’d). In bench trials, courts may go beyond
asking for mere clarification and ask questions that an advocate might ask in order to assist
the fact-finding process. Moreno, 900 S.W.2d at 359. Even so, a court must avoid
becoming involved as an advocate to the extent that it cannot make an objective finding
of fact in the case. Id. at 360.
          Here, the judge’s questions were posed during a hearing on a suppression motion. 
No jury was present. The nature of the questions focused on clarifying the circumstances
of the officer’s detention of appellant and determining how much of the English language
appellant understood. The questions by the judge did not taint the presumption of
innocence or deprive appellant of an unbiased judge or tribunal. Because the questions
did not rise to the level of fundamental error, appellant was obligated to object at trial to
preserve the error for appeal. See Oulare, 76 S.W.3d at 234, citing Brewer, 572 S.W.2d
at 721. He did not do so and therefore has presented nothing for our review on these
points.
          Even if we consider appellant’s points, we find no abuse of discretion. Appellant
contends on appeal that by engaging in the questioning of the officer, the judge became
an advocate for the prosecution and assisted the State in satisfying its burden. With
regard to the court’s questions to appellant, he argues there is no authority that permits the
“trial judge to pry into the background” of a defendant during a motion to suppress. The
State argues the court acted properly, particularly because courts in bench trials have more
latitude in questioning witnesses because there is no risk of improperly influencing the jury. 
Navarro v. State, 477 S.W.2d 291, 292 (Tex.Crim.App. 1972); Moreno, 900 S.W.2d at 359. 
We agree with the State’s position.
          When reviewing complaints about the trial judge’s questioning of a witness, we
apply an abuse of discretion standard. Born v. Virginia City Dance Hall and Saloon, 857
S.W.2d 951, 957 (Tex.App.–Houston [14th Dist.] 1993, writ denied). As noted, in criminal
cases, the trial judge is permitted to question a witness when seeking information only, to
clarify a point, or to ask the witness to repeat something the judge could not hear. Moreno,
900 S.W.2d at 360. Judges are permitted more leeway when no jury is present. Id. See
also Silva v. State, 635 S.W.2d 775, 778 (Tex.App.–Corpus Christi 1982, writ ref’d). Here,
the trial court’s questions, both those asked of the officer and those asked of appellant,
were within those categories. The record certainly does not indicate the trial judge
abandoned his neutral and detached role. 
          On our review of appellant’s complaints, we find no abuse of discretion. We
overrule appellant’s second and third issues. 
Comment on the Evidence
          In appellant’s last issue, he asserts the trial court erred in taking judicial notice of the
meaning of the Spanish word “aqui.” The State asked appellant’s brother the question
“[a]nd is the Spanish term for “here” “aqui”? When no verbal response was received, the
prosecutor asked the court to take judicial notice of the fact the Spanish term for “here” is
“aqui.” The court did so. Appellant did not object at the time the trial court took judicial
notice that “aqui” meant “here” nor did appellant object at any time when testimony was
offered that “aqui” meant “here.” Appellant’s third issue thus was not preserved for
appellate review. Tex. R. App. P. 33.1(a)(1); see Tex. R. Evid. 201(e) (“[a] party is entitled
upon timely request to an opportunity to be heard as to the propriety of taking judicial
notice and the tenor of the matter noticed. In the absence of prior notification, the request
may be made after judicial notice has been taken”). See also Goad v. Goad, 768 S.W.2d
356, 359 (Tex.App.–Texarkana 1989, writ denied), cert. denied, 493 U.S. 1021, 110 S.Ct.
722, 107 L.Ed.2d 742 (1990) (finding complaint concerning judicial notice waived absent
objection). Accordingly, we overrule appellant’s last issue.
 
          Having overruled each of appellant’s four issues, we affirm the judgment of the trial
court.
 
                                                                           James T. Campbell

                                                                                    Justice

 
 
 
Do not publish.