Affirmed and Opinion filed April 15, 2008








Affirmed and Opinion filed April 15, 2008.

 

In

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00282-CR

____________

 

RODERICK EARL POWELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 1044369

 



 

O P I N I O N

A jury convicted appellant, Roderick Earl Powell, of
aggravated assault with a deadly weapon and assessed punishment at forty-five
years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  See
Tex. Penal Code Ann. ' 22.02 (Vernon 2003).  In two issues,
appellant argues the trial court violated his rights under the United States
and Texas Constitutions by making an improper judicial comment during the
guilt/innocence phase of the trial.  We affirm.  








Factual and Procedural Background[1]

In the early hours of September 12, 2005, appellant arrived
at Natalie Johnson=s house.  Appellant forced his way into
Johnson=s house and began
yelling at her about messing with his money.  Johnson pleaded with appellant
not to shoot her, but despite her pleading, appellant shot Johnson in the
hand.  After being shot, Johnson retreated to her bedroom and fell face down
onto her bed.  Appellant proceeded to shoot Johnson several more times. 
Johnson eventually called 911, and she told the operator appellant shot her. 
Officers responded to the 911 call and found Johnson lying on the floor covered
in blood from multiple gunshot wounds.  Johnson told the officers appellant
shot her.  Appellant was subsequently arrested.

A.      Did the Trial
Court Violate Appellant=s Constitutional
Rights by Making an Improper Comment During the Guilt/Innocence Phase? 








In appellant=s two issues, he
argues the trial court violated the Fifth, Sixth, and Fourteenth Amendments of
the United States Constitution and Article One, Sections Ten, Thirteen, and
Fifteen of the Texas Constitution when it made an improper comment during the
guilt/innocence phase of trial.[2] 
Appellant argues the trial judge improperly commented on the weight of the
evidence while giving the jury a limiting instruction, and seeks reversal of
the judgment and remand for a new trial.  Appellant, however, acknowledges he
did not object to the trial judge=s comment at
trial.  To avoid waiver, appellant argues the trial judge=s comment
constitutes fundamental error, therefore, no objection was required. 
Accordingly, we must first determine whether the trial judge=s comment made
while giving a limiting instruction to the jury constitutes fundamental error,
or whether appellant has waived this issue.

1.       Did the
Trial Judge=s Comment
Constitute Fundamental Error?

a.       Background

During the State=s case, it called
Johnson, the complaining witness, to testify.  Johnson testified she had known
appellant for approximately four years.  Johnson testified appellant used her
house to sell drugs, and in return, appellant supplied Johnson with drugs.  However,
according to Johnson, appellant eventually stopped giving her drugs, but he
continued using her house whenever he wanted.  Johnson then testified regarding
what happened the night of the incident, and she identified appellant as the
man who shot her multiple times.  After this testimony, the trial judge took a
recess.  After the recess and before resuming questioning of Johnson, the trial
judge gave the following limiting instruction:

Okay.  All right.  Welcome back.  I=m going to give you just an instruction regarding some of
the testimony that you=ve heard.  And you had heard some
testimony about the defendant being involved in drugs and drug sales.  And what=s important to remember about that
testimony is that it=s not B it=s not offered to show just like in general, bad
character of somebody.  That=s not how you can use it.  I permitted that testimony because it goes
to explain the relationship in this particular case of the witness on the stand
and the defendant.  And it also goes to clear up or let me say resolve the
issue of identity of the individual that is responsible for the shooting.  


Appellant
argues this was a prejudicial instruction that violated the trial judge=s mandate of
impartiality and impaired appellant=s right to a fair
and impartial jury.[3]








b.       Analysis

Generally, to preserve error, a defendant must make a
timely and specific objection.  Tex. R. App. P. 33.1.  Almost every right,
constitutional and statutory, may be waived
by the failure to object. Smith v. State, 721
S.W.2d 844, 855 (Tex. Crim. App. 1986).  Absent an objection, a defendant
waives error unless the error is fundamentalBthat is, the error
creates egregious harm.  Ganther v. State, 187 S.W.3d 641, 650 (Tex.
App.CHouston [14th
Dist.] 2006, pet. ref=d); see Texas R. Evid. 103(d);
Villareal v. State, 116 S.W.3d 74, 85 (Tex. App.CHouston [14th
Dist.] 2001, no pet.).  Egregious harm is such harm that a defendant has not
had a fair and impartial trial.  Ganther, 187 S.W.3d at 650.  In this
case, since appellant failed to make a timely and specific objection at trial,
the only way appellant=s claim survives on appeal is if the trial
judge=s comment
constitutes fundamental error. 








The United States Supreme Court has determined when certain
constitutional rights are violated fundamental error occurs.  See Arizona v.
Fulminante, 499 U.S. 279, 309B10, 111 S. Ct.
1246, 1265, 113 L. Ed. 2d 302 (1991); Williams v. State, 194 S.W.3d 568,
579 (Tex. App.CHouston [14th Dist.] 2006), aff=d, - - S.W.3d - -,
No. 1245-06, 2008 WL 141910, *1B5 (Tex. Crim. App. Jan. 16, 2008).  The
Court has defined such errors as Astructural defects
in the constitution of the trial mechanism.@  Fulminante,
499 U.S. at 309, 111 S. Ct. at 1265.  The Court has determined these
fundamental constitutional rights include the right to counsel, the right to an
impartial judge, the right to not have members of the defendant's race
unlawfully excluded from a grand jury, the right to self-representation at
trial, and the right to a public trial.
Id. at 309B10, 111 S. Ct. at 1264B65; Williams,
194 S.W.3d at 579.       In addition to the fundamental errors established by
the United States Supreme Court, a plurality of the Texas Court of Criminal
Appeals, in Blue v. State, held another fundamental error of
constitutional dimension could exist if a trial judge makes a comment that
taints the presumption of innocence.  Blue v. State, 41 S.W.3d 129, 132
(Tex. Crim. App. 2000).  Appellant relies on Blue as the primary basis
for his argument that the trial judge=s comment in this
case constitutes fundamental error, therefore, he was not required to object
during trial to preserve error.  Appellant compares the trial judge=s limiting
instruction in this case with the comments made by the trial judge in Blue. 
We disagree with appellant.   

In Blue, during the jury selection process, the
trial court told prospective jurors that (1) a trial delay was due to the
defendant=s attempt to make a plea bargain with the State and
the defendant=s prolonging the negotiations, (2) the trial court
would prefer the defendant plead guilty, and (3) there were reasons an innocent
defendant might not testify, but, even knowing she was guilty, defense counsel
might put Sister Theresa on the stand because nobody would believe she would
lie.  Id. at 130; see Ganther, 187 S.W.3d at 650 (explaining the
facts and issues in Blue).  Although the defendant in Blue did
not object to the comments at trial, he complained of them on appeal.  Id. 
The intermediate court concluded the error was waived because no
contemporaneous objection was uttered, but the Court of Criminal Appeals
reversed, holding the error was outside the scope of Rule 33.1.  Id. at
130, 133.  The judges voting to reverse, however, did not agree on the
rationale.  See id. at 132, 138.  Four judges concluded the trial court=s comments tainted
the presumption of innocence and were fundamental error of constitutional
dimension.  Id. at 132; see Saldano v. State, 70 S.W.3d 873, 889
n.72 (Tex. Crim. App. 2002) (explaining Blue).  A fifth judge concluded
the trial court=s comments violated the right to an
impartial judge.  Blue, 41 S.W.3d at 138 (Keasler, J., concurring); see
Saldano, 70 S.W.3d at 889 n.72 (explaining Blue).  








Assuming, without deciding, Blue created another
category of fundamental error in Texas, there is no majority opinion in Blue,
so it is not binding precedent.  Ganther, 187 S.W.3d at 650; see
Pearson v. State, 994 S.W.2d 176, 177 n.3 (Tex. Crim. App. 1999).  However,
even if we were bound to follow the plurality opinion in Blue, the trial
judge=s comment in this
case did not rise to such a level as to bear on the presumption of innocence or
vitiate the impartiality of the judge.  See Ganther, 187 S.W.3d at 650
(holding the trial judge=s comments regarding appellant
representing himself were not fundamental error so appellant waived complaint
on appeal by failing to object at trial); Gordon v. State, 191 S.W.3d
721, 726B27 (Tex. App.CHouston [14th
Dist.] 2006, no pet.) (holding the trial judge=s comments about
how the defendant controls the system did not constitute fundamental error so
defendant waived complaint on appeal by failing to object at trial); Rabago
v. State, 75 S.W.3d 561, 561B63 (Tex. App.CSan Antonio 2002,
pet. ref=d) (holding the
trial judge=s comment regarding appellant=s prior conviction
was not fundamental error so appellant waived complaint on appeal by failing to
object at trial).[4]  









Although inartfully worded, when the trial judge=s comment is
viewed within its context, the trial judge was merely attempting to explain to
the jury how it could and could not use the extraneous-offense evidence
elicited during Johnson=s testimony.  See Oulare v. State,
76 S.W.3d 231, 232 (Tex. App.CAmarillo 2002, no pet.) (holding an
appellate court is compelled to view a trial judge=s comment within
its context); Means v. State, 955 S.W.2d 686, 692 (Tex. App.CAmarillo 1997,
pet. ref=d, untimely filed)
(stating an appellant is not free to dissect a trial record for words which may
be rendered ambiguous when taken from their context and then use them, once
removed from their context, to complain of error).  The purpose of the limiting
instruction was to explain to the jury that it could not use the evidence of
appellant=s involvement with drugs and drug dealing to prove he
was a bad person, but it could use the evidence to help explain the
relationship between appellant and Johnson and the identity of the person who
shot Johnson.  In addition, the jury charge contained a proper explanation of
this concept.     

Furthermore, we find the timing of the trial judge=s comment to be an
important distinguishing factor between Blue and the case at hand.  In Blue,
the trial judge made multiple comments to a group of prospective jurors during
the jury selection process.  Blue, 41 S.W.3d at 130.  The prospective
jurors heard the comments before any testimony was provided, presumably
destroying the defendant=s presumption of innocence from the outset
of the trial.  In the case at hand, however, the trial judge made the comment
after Johnson positively identified appellant as the man who shot her and
provided a detailed account of the incident.  The judge=s comment, which
came after this damaging testimony, was merely an attempt by the trial judge to
explain the proper use and scope of Johnson=s testimony, as
opposed to Blue in which the judge made multiple, highly prejudicial
comments at the outset of the trial.  Thus, we cannot conclude the
complained-of comment in any way prejudiced the jury to the degree discussed in
Blue.  We conclude appellant failed to show the comment by the trial
court constituted fundamental error in this circumstance.  








While we believe the trial judge=s comment may
constitute error, appellant failed to properly object during trial. 
Accordingly, appellant has waived his complaint.  Therefore, we overrule
appellant=s two issues.

Conclusion

Having overruled appellant=s two issues, we affirm the trial
court=s judgment.

 

 

 

/s/        John S. Anderson

Justice

 

 

 

 

 

Judgment rendered and Opinion filed
April 15, 2008.

Panel consists of Chief Justice
Hedges and Justices Anderson and Brown.

PublishC Tex.
R. App. P. 47.2(b).                                                                         









[1]  Because of the nature of appellant=s issues, it is unnecessary to set forth a detailed
account of the facts and circumstances surrounding the offense with which he
was charged.





[2]  Appellant fails to indicate a distinction between
his rights under the United States and Texas Constitutions.  Appellant has
failed to provide any argument or authority that the Texas Constitution
provides him greater protection than the United States Constitution. 
Therefore, we will analyze these two issues together.  See Johnson v. State,
853 S.W.2d 527, 533 (Tex. Crim. App. 1992) (declining to address appellant=s arguments regarding his state constitutional rights
when appellant did not make a distinction between the United States
Constitution and the Texas Constitution); Watson v. State, 176 S.W.3d
413, 417 (Tex. App.CHouston [1st Dist.] 2004, no pet.) (conducting only
one analysis for appellant=s argument that
the trial court=s comments and conduct violated his United States and
Texas constitutional rights).   





[3]  Appellant also argues the trial court generally
repeated the prejudicial instruction in the trial court=s charge to the jury; however, we disagree with this
contention.  The jury charge states:

You are further instructed that if there is any
evidence before you in this case regarding the defendant=s [sic] committing an alleged offense or offenses
other than the offense alleged against him in the indictment in this case, you
cannot consider such evidence for any purpose unless you find and believe
beyond a reasonable doubt that the defendant committed such other offense or
offenses, if any, and even then you may only consider the same in determining
the relationship of the defendant and the complainant and the identity of the
defendant, if any, in connection with the offense, if any, alleged against him
in the indictment and for no other purpose.

This instruction is a proper limiting instruction on
how the jury could use the extraneous-offense evidence.  See Tex. R.
Evid. 404(b).





[4]  Additionally, we recognize the unpublished case of Manus v. State has no precedential value, but we
find the reasoning and analysis of the case persuasive.  See Manus v. State,
No. 05-06-00598-CR, 2007 WL 824958, at *1 (Tex. App.CDallas March 20, 2007, pet. ref=d) (mem. op., not designated for
publication).  In Manus, while the trial judge was explaining the
verdict form to the jury, he stated the following:

The last page, ladies and
gentlemen, is the verdict form.  On the top it says: AWe the jury, find the defendant
guilty of the offense of aggravated sexual assault of a child, as charge[d] in
the indictment.  And then it has a signature for the presiding juror.  If you
would also print your name underneath it so I could read who it was.[@]  And then, AOr, We, the jury, find the
defendant, not guilty.@  And then there is a line also for
the presiding juror to sign if that is your verdict.

Id.  In Manus, the trial judge=s explanation could be construed as
a directive from the judge to find the defendant guilty.  See id.  The
defendant failed to object at trial, but on appeal argued the comment
constituted fundamental error under Blue.  Id.  The Dallas court
determined the explanation was poorly worded, but when the comment was
considered as a whole, the trial judge
was merely trying to explain the verdict form to the jurors.  Id.  The
court concluded the comment did not constitute fundamental error, therefore,
the defendant waived complaint on appeal.  Id.