NO. 07-07-0081-CR; 07-07-0082-CR; 07-07-0083-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 20, 2009

_____

ALBANO VASQUEZ BADILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NOS. 7059, 7060, 7061; HONORABLE DAVID GLEASON, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Albano Vasquez Badillo appeals from his convictions for resisting arrest and assault on a public servant and the resulting sentences of 180 days of confinement in the Gray County Jail for each resisting arrest offense, and confinement for a period of five years in the Texas Department of Criminal Justice Institutional Division, probated for five years, and a fine of $5000 for the offense of assault on a public servant. We affirm.

Background

By three indictments, appellant was charged with three separate offenses of assault on a public servant.[1]   At trial, appellant was found guilty of assault on a public servant in one cause and was found guilty in two causes of the lesser-included offense of resisting arrest.[2]

On appeal, appellant does not challenge the sufficiency of the evidence supporting his convictions, so we recite only those facts necessary to an understanding of the issues presented.  Officer Tobie Bias testified he responded to a call regarding a vehicle accident in Pampa, Texas, with damage to a fence and other property.[3]   When enroute to the scene, Bias was twice redirected by his dispatcher, as police received another call concerning an accident involving the same vehicle.  Bias was given a description of the pickup and its license tag number.  When he reached the area to which he was last directed, Bias saw "a lot of smoke"[4] and saw a truck matching the description "pushing a

---

[1] *See* Tex. Penal Code Ann. § 22.01(b)(1) (Vernon 2003 & Supp. 2007).  This is a third degree felony punishable by imprisonment in the institutional division for any term of not more than 10 years or less than 2 years and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.34 (Vernon 2003).

[2] *See* Tex. Penal Code Ann. § 38.03 (Vernon 2003).   This is a Class A misdemeanor punishable by a fine not to exceed $4,000, confinement in jail for a term not to exceed one year, or both.  Tex. Penal Code Ann. § 12.21 (Vernon 2003).

[3] At trial, a witness testified she called police and reported a truck was "making a lot of dust and spinning donuts and it was just going crazy."  The witness's father testified the vehicle hit his fence, causing approximately $600 damage to the fence.  One of the truck's license plates came off, on or near the fence.

[4] Later testimony indicated the smoke came from the tires of appellant's truck spinning on the pavement.

vehicle up into a driveway of a residence . . . ."  The officer activated his emergency lights and pulled up behind the truck just as the driver, later identified as appellant, stepped out of the truck.[5]

The officer approached appellant, telling him first to "Come here. Stop." When appellant did not respond, Bias switched to Spanish, saying "Aqui."  Appellant still did not respond and entered the residence with other people who had been in the front yard of the home.  The officer followed appellant, repeating both "stop" and "aqui" but appellant did not stop or respond. Bias followed appellant through the open door of the residence.

During their encounter inside the residence, Bias asked appellant if he had a driver's license.  Appellant answered affirmatively but would not let the officer see his license.  As the officer and appellant went toward the kitchen from another area of the residence, the officer noticed the "overwhelming smell of alcohol" emitting from appellant's person.  He observed appellant's speech was slurred and his eyes were bloodshot.   Deputy Scott Larue arrived as appellant and Bias reached the kitchen. Fearing access to a knife or other weapon in the kitchen, the officers attempted to gain control of appellant's hands, first by asking appellant to put his hands behind his back.  When appellant refused, Bias grabbed appellant's arm.  A fight ensued, during which officers were injured.  As officers escorted

---

[5] Each of the officers involved in this matter testified that at the time they came into contact with appellant, they were in marked patrol cars bearing police emblems, insignia and emergency lights, wearing police uniforms and badges, and carrying police-issued equipment.

appellant out of the residence, he kicked Sergeant Alvin Johnson in the shoulder. Appellant was arrested for DWI and the offenses giving rise to this appeal.[6]

## Issues

Through four issues, appellant contends: (1) the trial court erred by denying appellant's motion to suppress; (2) the trial court erred by aiding the State in proving its burden to establish probable cause; (3) the trial judge abused his discretion by examining the appellant on his citizenship; and (4) the trial judge commented on the evidence by taking judicial notice of a disputed fact.

## Analysis

*Motion to Suppress*

In appellant's first issue, he contends the trial court abused its discretion in denying his motion to suppress. Officer Bias and appellant testified at the suppression hearing. After hearing the evidence and clarifying a few points, the trial court stated:

> As I see the evidence before me at present, Officer Bias, when he arrived at [appellant's] parents' residence, observed the truck that he–that matched the description of what he was looking for that apparently had been involved in what was reported to be damage to a fence and possibly other incidents and that he had every right to detain the driver to further investigate the situation...all through this I think the officer had the right to detain and to

---

[6] Appellant testified at the suppression hearing with the aid of an interpreter. He said the police never spoke to him in the driveway and no one ever told him to stop or said "aqui." He admitted to pushing the car into the driveway with his truck. On cross-examination, appellant admitted he drank "some beers" before driving his pickup and said he was in his truck when police arrived.

further investigate the alleged incidents that he was investigating...I think your motion to suppress should be denied...[t]he motion to suppress is denied.

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex.Crim.App. 1996). A bifurcated standard of review is applied to a trial court's ruling on a motion to suppress evidence. This standard of review gives almost total deference to the trial court's determination of historical facts and applies a *de novo* review of the trial court's application of the law to those facts. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). The trial court is the sole trier of fact, the judge of witness credibility, and the determiner of the weight given to witness testimony. *State v. Ross,* 32 S.W.3d 853, 855 (Tex.Crim.App. 2000).

The focus of appellant's motion to suppress was not clear but the trial court treated it as challenging the lawfulness of his arrest. On appeal it appears he is contending the trial court should have granted his motion to suppress because the police had no reasonable basis to detain him or to enter the residence in pursuit of him. Accordingly, we also focus on the lawfulness of the arrest.

A reviewing court examines the reasonableness of a temporary detention in terms of the totality of the circumstances. *Balentine v. State,* 71 S.W.3d 763, 768 (Tex.Crim.App. 2002). An investigative detention is permitted under the Fourth Amendment if it is supported by reasonable suspicion. *Id., citing Terry v. Ohio,* 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reasonable suspicion is a particularized and objective basis for suspecting the person detained is, has been, or soon will be engaged in criminal

5

activity. *Crockett v. State,* 803 S.W.2d 308, 311 (Tex.Crim.App. 1991). An officer's reasonable suspicion must be based on objective facts that the individual involved is involved in criminal activity. *Id., citing Dickey v. State,* 716 S.W.2d 499, 503, n.4 (Tex.Crim.App. 1986).

Probable cause for an arrest exists where police have reasonably trustworthy information sufficient to warrant a reasonable person to believe that a particular person has committed or is committing an offense. *McGee v. State,* 105 S.W.3d 609, 614 (Tex.Crim.App. 2003). An officer may enter a residence to make an arrest without a warrant when exigent circumstances require the officer to enter without the consent of a resident or a warrant. Tex. Code Crim. Proc. Ann. art. 14.05 (Vernon 2005); *Rue v. State,* 958 S.W.2d 915 (Tex.App.–Houston [14th Dist.] 1997, no pet). An officer's hot pursuit of an offender seeking to avoid arrest is an exigent circumstance justifying nonconsensual entry into the offender's residence. *Id., citing Curry v. State,* 831 S.W.2d 485, 488 (Tex.App.–Houston [14th Dist.] 1992, pet. ref'd) (officers' entry into appellant's house was proper when officers were in hot pursuit of appellant who was attempting to avoid arrest), *quoting United States v. Santana,* 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976) ("[A] suspect may not defeat an arrest which has been set in motion in a public place . . . by the expedient of escaping to a private place").

Here, Officer Bias's observation at that location of the truck matching the description he was given provided ample reason to suspect that its driver had been involved in the reckless driving and property damage reported to police, particularly given the officer's

additional observation of appellant's smoky effort to push another vehicle up the driveway. The officer was entitled to detain him for further investigation. *See Mottley v. State,* 841 S.W.2d 550, 551 (Tex.App.–Houston [1st Dist.] 1992, no pet.) (finding reasonable suspicion for detention in similar situation). Bias was in a marked patrol car, he had activated his emergency lights, and he was wearing a police uniform. The trial court was free to accept as true the officer's version of the events rather than appellant's version. The trial court also was free to see appellant's failure to respond to the officer's efforts to detain him, coupled with appellant's walking away toward the residence, as giving Bias a reasonable basis to conclude appellant was intentionally evading detention, providing probable cause for his arrest. *See* Tex. Code Crim. Proc. Ann. art. 14.01 (Vernon 2005); Tex. Penal Code Ann. § 38.04 (Vernon 2003); *Mincey v. State,* 112 S.W.3d 748, 753 (Tex.App.–Beaumont 2003, no pet.) (officers could reasonably conclude, based on their first-hand observation of appellant's conduct, that appellant was intentionally evading detention when, at the time officers approached to speak with him, appellant went into the house, slammed the door, and refused to come to the door or answer the phone). Like the court in *Rue*, we further find appellant's attempt to evade a lawful detention was an exigent circumstance justifying Officer Bias's entry into appellant's residence. Bias testified he was afraid he would "lose track" of appellant and "not be able to locate him" if he allowed appellant to get into the house out of sight. *See Rue,* 958 S.W.2d at 918 (officer sought to lawfully detain defendant; defendant's attempt to flee, requiring officer to pursue defendant into his apartment, was exigent circumstance justifying officer's entry into apartment). Under the

7

totality of the circumstances, the trial judge did not abuse his discretion in denying appellant's motion to suppress.

Moreover, we agree also with the State's contention that appellant's prosecution for assault on a public servant during the course of the arrest does not depend on the arrest's lawfulness. *See, e.g., Martinez v. State,* 91 S.W.3d 331, 340 (Tex.Crim.App. 2002)*; Gonzales v. State*, 574 S.W.2d 135, 137 (Tex.Crim.App. 1978) (applying article 38.23 of the Code of Criminal Procedure); *Cooper v. State,* 956 S.W.2d 95, 98 (Tex.App.–Tyler 1997, no pet.) (aggravated assault on a peace officer). With respect to the convictions for resisting arrest, the Penal Code explicitly provides that the unlawfulness of the arrest is not a defense to prosecution for that offense. Tex. Penal Code Ann. § 38.03(b) (Vernon 2003). For this reason also, the trial court did not abuse its discretion by denying appellant's motion to suppress.

For both these reasons, we overrule appellant's first issue.

*Trial Court's Questions During Suppression Hearing*

In appellant's second and third issues, he asserts the trial court erred when, during the suppression hearing, the judge engaged in questioning of Officer Bias (issue two) and of appellant (issue three). In issue two, appellant specifically complains of the following:

The Court: I guess I need two points of clarification, if you don't mind. When you saw the pickup pushing the other car

up into the driveway, was the pickup in the driveway or was it on the street?

Officer Bias: It was–It had already been in the driveway at an angle like this (indicating) and he was continuing to push the vehicle farther into the driveway.

The Court: All right. And when you saw [appellant] exit the truck, he looked at you and you looked at him; right?

Officer Bias: Yes, sir.

The Court: And you told him to stop and you told him "Aqui"?

Officer Bias: I told him "Stop, come here" and then I told him "Aqui" in Spanish.

The Court: Okay. And that's all the–that's all of the Spanish that you said?

Officer Bias: Yes, sir.

The Court: At that point in time were you investigating and asking for identification or were you arresting?

9

Officer Bias:          At that point in time I was still going to detain him for investigation. I wasn't sure what was causing the actions at that point in time.

In issue three, appellant contends the trial court abused its discretion by questioning appellant about his background during the suppression hearing. The exchange of which appellant complains is as follows:

The Court:          Do you speak English?

A:          No.

The Court:          Do you understand English when it's spoken to you?

A:          A little.

The Court:          A little. Okay. Do you recall whether anyone asked you for your driver's license?

A:          No.

The Court:          Are you a U.S. citizen?

A:          No.

The Court:          Of what country are you a citizen?

A:          San Luis Potosi.

The Court:          Is this a city?

A:                  Yes.

The Court:          In which country?

A:                  Rio Verde, San Luis Potosi.

The State contends neither issue is preserved for our review because no objection was made at the time of the questioning. To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific ground for the desired ruling if the specific grounds are not apparent from the context. Tex. R. App. P. 33.1*; Moreno v. State,* 900 S.W.2d 357, 360 (Tex.App.–Texarkana 1995, no writ). Where no objection is made, remarks and conduct of the court may not be subsequently challenged unless they constitute fundamental error because they impugn the presumption of innocence, deny the defendant a fair and impartial jurist or have similar effect. *Moreno,* 900 S.W.2d at 359, *citing Brewer v. State,* 572 S.W.2d 719, 721 (Tex.Crim.App. 1978) (panel op.); *Oulare v. State,* 76 S.W.3d 231, 234 (Tex.App.–Amarillo 2002, no pet.) (recognizing requirement to object is applicable to remarks and conduct of the court). *See also Blue v. State*, 41 S.W.3d 129, 138 (Tex.Crim.App. 2000) (plurality op.).

Due process under both the United States and Texas constitutions requires a neutral and detached hearing body or officer. *Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 1762, 36 L.Ed.2d 656 (1973); *Earley v. State,* 855 S.W.2d 260, 262 (Tex.App.–Corpus Christi 1993), *pet. dism'd as improvidently granted,* 872 S.W.2d 758 (Tex.Crim.App. 1994); *accord, Brumit v. State,* 206 S.W.3d 639, 645 (Tex.Crim.App. 2006). *See also Blue*, 41 S.W.3d at 138 (Keasler, J., concurring) (right to impartial judge is absolute right). A reviewing court presumes the trial court was neutral and detached absent a clear showing to the contrary. *Brumit*, 206 S.W.3d at 645; *Fielding v. State,* 719 S.W.2d 361, 366 (Tex.App.–Dallas 1986, pet. ref'd). A trial judge is permitted to question a witness when seeking information, clarifying a point, or to obtain a clearer idea of the merits of the case. *Moreno,* 900 S.W.2d at 359; *Burks v. State,* 693 S.W.2d 747, 750 (Tex.App.–Houston [14th Dist.] 1985, pet. ref'd). In bench trials, courts may go beyond asking for mere clarification and ask questions that an advocate might ask in order to assist the fact-finding process. *Moreno,* 900 S.W.2d at 359. Even so, a court must avoid becoming involved as an advocate to the extent that it cannot make an objective finding of fact in the case. *Id.* at 360.

Here, the judge's questions were posed during a hearing on a suppression motion. No jury was present. The nature of the questions focused on clarifying the circumstances of the officer's detention of appellant and determining how much of the English language appellant understood. The questions by the judge did not taint the presumption of innocence or deprive appellant of an unbiased judge or tribunal. Because the questions did not rise to the level of fundamental error, appellant was obligated to object at trial to

12

preserve the error for appeal. *See Oulare,* 76 S.W.3d at 234, *citing Brewer,* 572 S.W.2d at 721. He did not do so and therefore has presented nothing for our review on these points.

Even if we consider appellant's points, we find no abuse of discretion. Appellant contends on appeal that by engaging in the questioning of the officer, the judge became an advocate for the prosecution and assisted the State in satisfying its burden. With regard to the court's questions to appellant, he argues there is no authority that permits the "trial judge to pry into the background" of a defendant during a motion to suppress. The State argues the court acted properly, particularly because courts in bench trials have more latitude in questioning witnesses because there is no risk of improperly influencing the jury. *Navarro v. State,* 477 S.W.2d 291, 292 (Tex.Crim.App. 1972); *Moreno,* 900 S.W.2d at 359. We agree with the State's position.

When reviewing complaints about the trial judge's questioning of a witness, we apply an abuse of discretion standard. *Born v. Virginia City Dance Hall and Saloon,* 857 S.W.2d 951, 957 (Tex.App.–Houston [14th Dist.] 1993, writ denied). As noted, in criminal cases, the trial judge is permitted to question a witness when seeking information only, to clarify a point, or to ask the witness to repeat something the judge could not hear. *Moreno,* 900 S.W.2d at 360. Judges are permitted more leeway when no jury is present. *Id. See also Silva v. State,* 635 S.W.2d 775, 778 (Tex.App.–Corpus Christi 1982, writ ref'd). Here, the trial court's questions, both those asked of the officer and those asked of appellant,

were within those categories. The record certainly does not indicate the trial judge abandoned his neutral and detached role.

On our review of appellant's complaints, we find no abuse of discretion. We overrule appellant's second and third issues.

*Comment on the Evidence*

In appellant's last issue, he asserts the trial court erred in taking judicial notice of the meaning of the Spanish word "aqui." The State asked appellant's brother the question "[a]nd is the Spanish term for "here" "aqui"? When no verbal response was received, the prosecutor asked the court to take judicial notice of the fact the Spanish term for "here" is "aqui." The court did so. Appellant did not object at the time the trial court took judicial notice that "aqui" meant "here" nor did appellant object at any time when testimony was offered that "aqui" meant "here." Appellant's third issue thus was not preserved for appellate review. Tex. R. App. P. 33.1(a)(1); *see* Tex. R. Evid. 201(e) ("[a] party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken"). *See also Goad v. Goad,* 768 S.W.2d 356, 359 (Tex.App.–Texarkana 1989, writ denied), *cert. denied*, 493 U.S. 1021, 110 S.Ct. 722, 107 L.Ed.2d 742 (1990) (finding complaint concerning judicial notice waived absent objection). Accordingly, we overrule appellant's last issue.

14

Having overruled each of appellant's four issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.