NO. 07-08-0316-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 25, 2009

______________________________


LEE JOSEPH REDDIC, SR., APPELLANT

V.

LARRY REDDIC, APPELLEE


_________________________________

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-537,398; HONORABLE WILLIAM C. SOWDER, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
Â 
CONCURRING OPINION
Â Â Â Â Â Â Â Â Â Â I join in the Courtâs opinion and write separately simply to point out another reason
for affirming the trial courtâs judgment. As the Court states, all of appellant Lee Joseph
Reddic, Sr.âs issues on appeal focus on the precept that limitations does not begin to run
against a co-tenant until the adverse co-tenant repudiates the co-tenancy. Appellee Larry
Reddic cites Republic Production Co. v. Lee, 132 Tex. 254, 121 S.W.2d 973, 978 (Tex.
1938) for the proposition that a recorded conveyance inconsistent with a non-possessing
co-tenantâs title, followed by possession, may serve to give the co-tenant the required notice
of repudiation. Gossett v. Tidewater Associated Oil Co., 436 S.W.2d 416, 420-21
(Tex.Civ.App.âTyler 1968, writ refâd n.r.e.), which the Court cites, recognizes the same
proposition. I believe the trial courtâs judgment can be sustained on the basis of those
holdings, apart from the rationale that the property was the sole management community
property of Rose Mae Cotton. 
Â 
James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice








N>Id. at 938. The situation before us is akin to that in Quin. Here, as there, appellant failed
to explain to the trial court, via evidence or argument, "the distinctions and differences in
approach between a neurologist and [psychiatrist] . . . prior to a ruling on the motion. . . ." (4) 
Id. Nor can we conclude that such differences were so patently apparent that they did not
have to be stated. Id. Given this, "we perceive no harm suffered by appellant due to the
court's [alleged] refusal to appoint a neurologist." Id. 

 Accordingly, we affirm the judgment entered below. 


 Brian Quinn

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. tex. gov't
code ann. §75.002(a)(1) (Vernon Supp. 2002). 
2. Though the record indicates that Dr. Shaw was a psychiatrist, it does not reveal whether he was also
a neurologist. That would seem pertinent to the extent appellant argues he was entitled to an examination
by a neurologist as well as a psychiatrist. For purposes of this appeal, however, we will assume that Shaw
is not a neurologist. 
3. Immediately before trial and in relation to another pretrial motion, appellant represented to the court
that it denied his request to be examined by a neurologist. Yet, he did not cite to any particular order; nor
did we find one in the record before us. Instead, we can only deduce that appellant assumed the trial court
overruled that aspect of his motion.
4. Appellant's attempt to explain those differences for the first time in his appellate brief via
references to several books comes too late. Simply put, they were not grounds presented below as required
by Texas Rule of Appellate Procedure 33.1(a). See Oulare v. State, 76 S.W.3d 231, 233 (Tex.
App.-Amarillo 2002, no pet.) (holding that the specific grounds for the objection must be stated to preserve
the complaint for appeal). Nor do we find evidence of record indicating that Dr. Shaw could not or would not
detect maladies which a neurologist could or would. In other words, if a psychiatrist (who is a trained medical
doctor) could perform tests like those which a neurologist could perform there may be no need for the
appointment of a neurologist.